# Pullman Palace Car Co. *v.* Harrison.

*Attachment against Foreign Corporation.*

1. *Courts; jurisdiction of foreign corporation.*—A foreign corpora-
   tion doing business in this State through its authorized agents
   located here, can not be held liable by our courts for a tort
   committed by it in another State; since the courts of this
   State have no jurisdiction of an action against a foreign cor-
   poration by a citizen of this State, except in causes of action
   originating in this State, or on contracts entered into in refer-
   ence to subject matters within this State.

2. *Attachment; levy of attachment not sufficient to give jurisdiction.*
   The seizure of property under a writ of attachment is not alone
   sufficient to give the court issuing the writ jurisdiction of the
   attachment suit, since the attachment is incidental to and de-

pendent upon the right of the plaintiff to recover a judgment against the defendant; and, therefore, unless the court isuing the attachment has jurisdiction of the cause of action and the subject matter of the suit, the mere levy of a writ of attachment upon the property of the defendant does not confer jurisdiction or authorize the condemnation of the property levied upon to the payment of the plaintiff's claim.

3. *Same; same; foreign corporation.*—The statute providing that in attachments against a foreign corporation, the preliminary affidavit must set out the cause of action and a complaint must be filed by the plaintiff and the cause tried by the court as in suits commenced by summons and complaint, and the judgment must ascertain and declare the amount of the debt, claim or demand sought to be enforced by attachment, (Code, § § 524, 525, 527, 529, 535), does not confer upon courts of this State jurisdiction to condemn by attachment the property of a foreign corporation in causes other than those in which the court would have jurisdiction in an action against the foreign corporation.

4 *Same; same; same.*—Where a foreign corporation committed a tort upon a resident of this State in another State, the levy of an attachment upon the property of said foreign corporation found in this State is not sufficient to give the courts of this State jurisdiction to condemn said property to the satisfaction of said claim; the cause of action having arisen in another State.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

This action was brought by the appellee against the appelant. The facts of the case are sufficiently stated in the opinion. The substance of the plea in abatement which was filed by the defendant to the jurisdiction of the court and the grounds of demurrer thereto are stated in the opinion. The court sustained this demurrer. Thereupon the defendant demurred to the complainant upon the grounds that it shows that the court has no jurisdiction of the action and that it does not show a liability on the part of defendant or cause of action. This demurrer was overruled.

The cause was tried by the court without the intervention of a jury, and upon the hearing of the evidence the court rendered judgment in favor of the plaintiff assessing his damages at $200. From this judgment the de-

fendant appeals, and assigns as error the several rulings of the court upon the pleadings and rendition of judgment in favor of the plaintiff.

JONES & BROWN, for appellant.—The circuit court erred in sustaining the plaintiff's demurrer, to the defendant's plea in abatement. The defendant was a foreign corporation, and the act or omission complained of was done or happened out of this State. The suit was not upon a cause of action originating in this State, or on a contract entered into in reference to a subject-matter within this State. In such a case our courts have not, and will not, take jurisdiction.—*Central Railroad and Banking Company v. Carr*, 76, Ala. 388; *Bawright v. L. L. & G. Ins. Co.*, 55 Ga. 194; *Sawyer v. North Amer. Life Ins. Co.*, 46 Vt. 697; *Smith v. Mutual Life Ins. Co.*, 14 Allen 386; *St. Clair v. Cox*, 106 U. S. 350 ;*News v. G. T. W. Ry. Co. of Canada*, 19 Mich. 336; *Parke v. Com. Ins. Co.*, 14 Penn. St. 422. The effect of the statutes giving the remedy by attachment is, that if there is danger of losing the debt, or if other service cannot be had on the defendant, the plaintiff may (*other requisites being present*) begin his suit by attachment.—*Kahl v. M. & C. R. R. Co.*, 95 Ala. 337. See also *L. & N. R. R. Co. v. Dooley*, 78 Ala. 524; *R. & D. R. R. Co. v. Trousdale*, 99 Ala. 389; *Helton v. Alabama Mid. R. R. Co.*, 12 So. Rep. 276.

These authorities show that the mere temporary presence in this State of property of a non-resident of the State does not confer upon the Courts of our State jurisdiction of a cause of action which arose out of this State, which has not for its subject-matter a contract made in this State, or which was intended to be performed in this State or made with reference to the laws of this State. Authorities *supra*.

FOSTER & OLIVER, *contra*.—The levy of an original writ of attachment at the suit of a resident of this State on a cause of action arising out of the State, upon property of a non-resident defendant, such property being found and seized within the territorial jurisdiction of the Court, confers upon the Court jurisdiction to

hear and determine the cause and a judgment in such suit for the plaintiff, condemning the property so seized to the satisfaction of the judgment, is valid.—Code of Alabama (1896) § § 524 *et seq;* Waite on attachments, § 75; *Sheldon v. Blonvelt,* 1 L. R. A. 682; *Curtis v. Bradford,* 33 Wis. 190.

TYSON J.—The plaintiff commenced this suit by attachment against defendant upon an affidavit averring that defendant is justly indebted to him in damages for the negligent loss of his valise and baggage while he was a guest on one of its sleeping cars, in the sum of $161.30," which was past due, and that defendant resides out of the State of Alabama. Accompanying it was an additional affidavit as required by section 529 of the Code of 1896 (§2934, Code, 1886) setting up the facts out of which the cause of action arose. It appears from the latter that plaintiff was traveling from the city of Chicago in the State of Illinois to the city of Cinnati in the State of Ohio as a passenger on a certain railroad between the cities over which defendant ran its sleeping cars. That he purchased a ticket of defendant's agent and became a passenger upon one of its cars on the night of the 4th of September, 1893, and took with him into the cár his valise, which the porter of the car took charge of, and placed immediately under the berth he occupied during that night. Upon awakening the next morning he found that the valise had been stolen, which was afterwards returned to him from Ripple, Indiana, after the larger portion of its contents had been taken out, and it, so badly demaged as to be of no value, etc.

Upon these affidavits, the writ of attachment was issued and levied upon certain personal property belonging to defendant found by the sheriff in one of its cars being operated over the Alabama Great Southern Railroad through the county of Tuscaloosa. The complaint in the cause, averred substantially the facts as set forth in the affidavits seeking a recovery on account of the negligence of the agents or servants of appellant in allowing the valise to be stolen.

Defendant appeared, as shown by written agreement of counsel, in which it was expressly stipulated that by doing so, it did not waive its right to question the jurisdiction of the court, and made several motions to dissolve the attachment and dismiss the suit on the ground that it was a non-resident corporation, and the cause of action arose outside of the State of Alabama, to which motions the court sustained demurrers. Defendant then filed a plea in abatement, in which it averred, that it is a corporation organized under the laws of the State of Illinois and resides out of the State of Alabama, and the cause of action upon which this suit was brought arose outside of the State of Alabama, and that the suit is not upon any contract entered into with reference to a subject matter within this State; but that the respective rights of the parties to this suit, so far as they relate to the subject matter thereof, depend upon the laws of the State in which the defendant resides or those of the State in which the cause of action arose. This plea was demurred to and the ground of demurrer assigned was, the record shows, that the action was begun by original writ of attachment, levied on property of defendant within the jurisdiction of the court. The court sustained this demurrer, and this ruling of the court raises, in our opinion, the material question involved in the determination of this cause. It is, can a foreign corporation's property found in this State be attached and condemned to satisfy a demand growing out of a tort committed by it in another State?

Without legislative enactment, a foreign corporation could not be sued outside of the State of its domicil, for the reason there were no means provided by which service could be had upon it. By the common law, to maintain a personal action against a corporation, there must have been service of process upon the principal officer within the jurisdiction of the sovereignty creating it. The officer upon whom, in the sovereignty of its creation, service could be legally had, binding the corporation, it may be could be found in another jurisdiction, but he was not regarded as carrying with him his official functions, and service upon him there would not bind the corporation.—*St. Clair v. Cox*, 106 U. S. 354; *Sullivan v.*

*Sullivan Timber Co.,* 103 Ala. 371.   To meet and obviate this inconvenience and oftentimes injustice, the legislature of this State has enacted statutes by which process may be served upon the agents of foreign corporations doing business in this State.   We do not deem it important, to a correct decision of this case, to review these statutes.   They do not materially differ, for the purpose here involved, from those in existence when the case of *Central Railroad & Banking Co. v. Carr,* 76 Ala. 388, was decided by this court.   In that case, the learned judge reviewed them at length and, after an exhaustive examination of cases decided by other courts, held, that a foreign corporation, though doing business in this State through its agents located here, could not be held liable by our courts for a tort committed by it in another State. We quote his conclusion in that opinion, as he there so aptly and tersely states the doctrine by saying:   "We cannot think that it was the intention of the legislature, in any of the statutes we have been considering, to allow foreign corporations to be sued in this State, except on causes of action originating in this State, or on contracts entered into in reference to a subject matter within this State.   To hold otherwise would allow foreign corporations which transact business in Alabama to be drawn into our courts, for the adjudication of every contract they may make, and of every tort and wrong they may be charged with committing, even in the State which gave them being."

This doctrine is reaffirmed in the case of *Louisville & Nashville Railroad Co. v. Dooley,* 78 Ala. 524, where a resident of this State sued out an attachment against a resident of the State of Kentucky and the only service effected was a writ of garnishment on the Louisville & Nashville Railroad Company, a foreign corporation; this court holding that this mode of service can be resorted to only in causes of action originating in this State or on contracts entered into with reference to a subject matter within this State.

The case of *Central Railroad & Banking Co. v. Carr* is cited approvingly in the cases of *Richmond & Danville R. R. Co. v. Trousdale & Son,* 99 Ala. 394; *L. & N. R. R. Co. v. Williams,* 113 Ala. 402; *Alabama Great*

*Southern R. R. Co. v. Chumley,* 92 Ala. 317. These cases clearly refused the relief sought by the plaintiffs in each because the court was without jurisdiction to hear and determine their causes of action. As being persuasive of the correctness of the interpretation of the legislative intent as declared in *Central Railroad & Banknig Co. v. Carr, supra,* we call attention to sub-division 2 of section 669, of the Code of 1896, (Code of 1886, § 3414) in which the jurisdiction of courts of chancery is limited as against non-residents to causes of action arising in this State or the act on which the suit is founded was to have been performed in this State, and the case of *Iron Age Publishing Co. v. Western Union Telegraph Co.,* 83 Ala. 498, in which it is construed.

The contention here, however, is that as the property of appellant was found within the jurisdiction of the court, the attachment being a proceeding *in rem,* the court had the right to condemn it to the satisfaction of plaintiff's demand. This involved an inquiry into the nature and character of a suit by attachment under our statutes and what it is that gives the court jurisdiction to render a judgment condemning property levied upon under a writ of attachment to satisfy such judgment. Section 535 of the Code of 1896, (§ 2940, Code, 1886) provides for process by attachment against foreign corporations having property in this State, for the recovery of debts, or to recover damages for a breach of contract when the damages are not certain or liquidated, or in cases where the action sounds in damages merely, in the same manner and subject to the same rules as in case of natural persons residing without the State. Section 524 of the Code of 1896, (§ 2929, Code, 1886) provides for what demands attachments may issue. Section 527 (2932) requires an affidavit before a writ of attachment can issue. Section 525 (2930) provides the cases in which it may issue, one of those being when the defendant resides out of the State. Section 529 (2934) provides for the additional affidavit where the attachment is sued out to recover damages for a breach of contract, when the damages are not certain or liquidated or when the action sounds in damages merely. Section 561 (2995) requires a complaint to be filed setting forth the cause of action,

and section 562 (2996) provides the cause shall proceed as suits commenced by summons and complaint.

It is manifest that an affidavit showing for what demands the attachment is issued to enforce and that one of the causes as enumerated in section 525 exists, should be required before the issue of the writ of attachment. In the case of *Exchange National Bank of Spokane v. Clement,* 109 Ala. 270, the then Chief Justice, speaking for the court, discusses at length the nature and character of suits by attachment. He said: "The theory of an attachment, whether it be process against or to subject the property or effects of a resident or non-resident of the State, as the remedy has been administered in this State, is that it partakes *essentially* of the nature and character of a proceeding *in personam,* and not of a proceeding *in rem.* The complaint, the primary pleading, is filed in the same form, containing no other averments than are contained in the complaint when the suit is commenced by the issue and service of personal process; and as we have seen, the issues pertaining to the suit are the issues pertaining to a suit *in personam.* The judgment rendered is general and personal, that the plaintiff have and recover of the defendant; and upon it and for its enforcement any process may issue which can issue upon a personal judgment, and is leviable upon any property of the defendant, the subject of levy and sale to satisfy a judgment. *Betancourt v. Eberlin,* 71 Ala. 464.

"It is apparent the statutes intended an attachment, when the original process, shall serve a double purpose; first giving notice to the defendant to appear and defend; second, the creation of a lien upon the thing attached, or effects garnished, affording security to the plaintiff, if he succeeds in obtaining judgment."

When, however, there is not a personal appearance by the non-resident defendant, and the levy of the attachment is upon property belonging to him found in this State, the proceeding is in the nature of a proceeding *in rem,* rather than a proceeding *in personam.* But says the learned judge in the case herein above quoted, "the judgment rendered must correspond to the nature of the proceeding. Of necessity, it must ascertain and declare

the amount of the debt, claim or demand sought to be enforced by the attachment; and this must be ascertained and declared in the same mode and form as if the suit was *in personam*. There must follow a condemnation of the property attached or of the effects garnished." This case, in our opinion, so clearly defines the naure and character of a suit by attachment under our statutes that we think it would be superfluous to comment further upon the subject.

The next question for consideration is, what is it, that gives the court jurisdiction to render a judgment against the defendant and to condemn his property to the satisfaction of the judgment? or in case there is not a personal appearance by a non-resident defendant, what is it that gives the court jurisdiction to render a judgment to condemn his property upon which the attachment is levied to the satisfaction of the judgment? Jurisdiction is defined to be "the power of a court or judge to hear and determine a cause."—6 Peters, 691; *Woodruff v. Stewart*, 63 Ala. 206.

In *Lamar v. Gunter*, 39 Ala. 324, the court said: "The power to hear and determine a cause is jurisdiction; and it is *coram judice* whenever a case is presented which brings this power into action. But, before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to ascertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred; and that such person or thing has been properly brought before the tribunal to answer the charge therein contained."

Perhaps the definition is more clearly stated for the purposes of this case in *Goodman v. Winter*, 64 Ala. 410, where this language is to be found: "The power to decide upon the cause of action, as presented by the pleadings, is jurisdiction, like the power to decide any other legal proposition which the case may involve."

The remedy by attachment was unknown to the common law and derives its existence from statutory enactment and in consideration of its harshness and extraordinary character, court are generally, in the absence of any statutory provisions regulating their construc-

tion, inclined to construe the statutory provis-
ions creating it strictly in favor of those against
whom it may be employed. And on account of
its origin, the jurisdiction of the courts invoked
to enforce this remedy is placed upon the same footing
with courts of special or limited jurisdiction with no
presumptions in favor of their jurisdiction in cases
arising under the attachment laws.—Shinn on Attach-
ment and Garnishment, § 8, notes; Waples on Attach-
ment, § 23 and notes; Wade on Attachment, § 38.

In Waples on Attachment, § 603, the writer in discuss-
ing the question of jurisdiction says: "The foundation
for power to hear and determine the cause is laid by the
attachment, but the superstructure is not thus raised.
The *sine qua non* of the suit against the property is the
seizure, but that alone confers no authority to try the
cause. It is, therefore, not true in an unqualified sense,
that seizure alone gives jurisdiction in an attachment
suit, if the term *jurisdiction* is used as usually defined:
*power to* try the cause."—Wade on Attachment, § 39
and note; Shinn on Attachment, § 127.

John D. Works on Courts and their Jurisdiction, sec-
tion 74, p. 519, in treating of attachments, says: "It is
a remedy that is incidental to, and which depends upon,
the right of the plaintiff to recover a judgment against
the defendant, and can only be obtained in connection
with, and during the pendancy of, an action for the re-
covery of such judgment or to establish a right thereto
and have the property attached applied to the satisfac-
tion of the amount claimed to be due or owing to the
plaintiff, and is denominated a provisional remedy."

Without repeating at length what we have heretofore
stated, it seems to us, in view of the requirements under
the several sections of the Code above quoted in sub-
stance, namely, that the affidavit must set out the cause
of action, a complaint must be filed by the plaintiff, and
the cause tried by the court as in suits commenced by
summons and complaint, and the judgment must ascer-
tain and declare the amount of the debt, claim or demand
sought to be enforced by the attachment, that the power
of the court to decide upon the cause of action as pre-
sented by the pleadings, must determine the question

of its jurisdiction. This we have seen does not exist in this case. It would be an anomaly in judicial procedure, if defendant could be made liable upon a cause of action by suit in attachment, when it would not be liable in the same court, upon the same cause of action by suit commenced by summons and complaint upon personal service, because of the want of jurisdiction in the court to hear and determine the cause. We are unwilling to declare such was the legislative intent in the absence of some expression in the statutes regulating attachment proceedings, strongly indicating such intention to have existed. Especially as such a conclusion is illogical and cannot be maintained upon sound principles of public policy and reasoning.

There was error in sustaining the demurrer to defendant's plea in abatement.

Judgment is reversed and cause remanded.