# Hobson-Starnes Coal Co. v. Alabama Coal & Coke Company.

## Assumpsit.

(Decided November 7, 1914. 66 South. 622.)

1. *Bankruptcy; Attachment; Effect on Garnishment in Aid of.*— Where an attachment is sued out against a defendant within four months of defendant's bankruptcy, a dissolution follows, and a garnishment issued in aid of such attachment falls with the attachment.

2. *Judgment; Vacation; Power of Court.*—A court of record has inherent power at all times to remove from its records a void judgment, and this power is not affected by practice acts whereby the power over final judgment is restricted to thirty days.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Assumpsit by the Hobson-Starnes Coal Company against the Alabama Coal & Coke Company, with garnishment in aid thereof to the Illinois Central Railroad Company. From an order setting aside the judgment rendered against the garnishee, plaintiff appeals. Transferred from Court of Appeals. Affirmed.

The garnishee answered indebted, and suggested, among other claimants of the garnished funds, the trustees in bankruptcy of the defendant Alabama Coal & Coke Company. The trustee filed his appearance in the case, but no issue was made up between the trustee in bankruptcy and the plaintiff as to the right to the garnished funds but plaintiff proceeded to judgment by default against defendant, and to take judgment on garnishee's answer against it. More than 30 days after the rendition of the judgment, the garnishee appeared and moved on various grounds to set aside the judgment thus rendered, on the theory that the judgment was void. The court granted the order.

HUGO L. BLACK, for appellant.

PERCY, BENNERS & BURR, for appellee.

McCLELLAN, J.—It affirmatively appears from the record certified for appeal that, prior to the attempted pronouncement of judgment against the garnishee, the Illinois Central Railroad Company, by the circuit court of Jefferson county, Ala., at the suit of Hobson-Starnes Coal Company (Alabama Coal & Coke Company, defendant), and within four months before the adjudication of the Alabama Coal and Coke Company's bankruptcy, the last-named entity was adjudged a bankrupt;

which event served to dissolve the attachment issued by the state court, and, in necessary consequence, forbade the rendition of judgment thereon against the garnishee, unless the trustee in bankruptcy invoked the retention of the lien of the attachment for the benefit of the bankrupt estate.—Bankruptcy Act, § 67f (U. S. Comp. St. 1913, § 9651f) ; *Matter of Ala., C. & C. Co.* (D. C.) 31 Am. Bankr. Rep. 387, 391, 210 Fed. 940.

Independent of—unaffected by—the practice act in force in Jefferson county's circuit court, whereby the power of the court over final judgments is restricted to 30 days after their rendition, that court, at any and all times, has the inherent power to remove from its records a void judgment.—*Buchanan v. Thompson,* 70 Ala. 401; *Sweeney v. Tritsch,* 151 Ala. 242, 44 South. 184.

The circuit court did not err in setting aside and vacating, by its order of June 28, 1913, the judgment by default theretofore rendered on May 10, 1913.

Affirmed.

SAYRE, DE GRAFFENRIED, and GARDNER, JJ., concur.