# Hynes, *et al. v.* Underwood, *et al.*

*Application to Annul Decree Setting Apart Homestead.*

(Decided January 14, 1915.   Rehearing denied February 4, 1915.
67 South. 994.)

1. *Homestead; Jurisdiction to Set Apart; Administration.*—Where letters of administration had been granted on an estate of a deceased husband, the probate court has no jurisdiction of a proceeding under section 4224, Code 1907, to set apart a homestead, and a decree doing so is void.

2. *Same; Application to Vacate Judgment; Evidence.*—Where complainants made application to the probate court to annul its decree setting apart homestead in a proceeding under section 4224, Code 1907, because at the time of such proceeding, letters of administration had been granted upon said estate, the probate court record of the proceedings in which the homestead was set apart should have been received in evidence.

3. *Judgment; Void Judgment; Right to Expunge.*—A void judgment may be expunged from the record by the court rendering it, at any time thereafter.

[Hynes, et al. v. Underwood, et al.]

APPEAL from Jefferson Probate Court.

Heard before Hon. J. P. STILES.

Application by Will Hynes to the probate court to set aside a decree granting homestead in which Paralee Underwood and others filed protest and contest. From a decree declining to vacate the judgment petitioners appeal. Reversed and remanded.

NATHAN L. MILLER, and NEEDHAM A. GRAHAM, JR., for appellant.

ALLEN, BELL & SADLER, for appellee.

This opinion was prepared for the court by Mr. Justice DE GRAFFENRIED:

1. On the 18th day of June, 1908, letters of administration were regularly issued by the probate court of Jefferson county to Robert J. Wheeler upon the estate of Felix Hynes, deceased. On the 7th day of July, 1909, one Josephine Hynes, claiming to be the widow of said Felix Hynes, filed her petition in the probate court of said county, praying that certain real estate be set apart to her as a homestead. The petition alleges that no letters of administration had been granted upon the estate of said Felix Hynes, and that the said lands were all of the lands that belonged to said Felix Hynes, and that they were worth not exceeding $2,000, and the petition showed that they consisted of an undivided interest in a lot in the city of Birmingham.

At the time of the filing of this petition the records of the probate court of Jefferson county shows that Robert J. Wheeler was then the administrator of the said estate of Felix Hynes, and that he was acting as such, and they also show that, when Robert J. Wheeler filed his petition praying for letters of administration upon

said estate, he stated that the lot which is described in the petition of Josephine Hynes was all of the property which belonged to the said Felix Hynes at the time of his death. In other words, the records of the probate court of Jefferson county show conclusively that the statement in the petition of said Josephine Hynes that no letters of administration upon the estate of Felix Hynes, deceased, had been granted to any one is untrue. On the contrary, as we have already said, the records of said court show conclusively that when Josephine Hynes filed said petition, letters of administration upon the estate of Felix Hynes, deceased, had been granted to said Robert J. Wheeler, and that the administration of said estate was then pending in said court.

(1) 2. The petition of Josephine Hynes for allotment of homestead was filed under section 4224 of the Code. This section cannot be appealed to when letters of administration have been granted upon an estate. The probate court has no jurisdiction to set apart a homestead under the provisions of said section when letters of administration have been granted upon an estate, and, if it does so, its decree is coram non judice and void. This is made plain by the decision of this court in *Miles v. Lee, et al.,* 180 Ala. 439, 61 South. 915. An examination of that case will disclose the reasons which underlie this construction of said section 4224 of the Code.

(2) 3. The records of the probate court of Jefferson county therefore show that the probate court, in rendering its decree setting apart a homestead to Josephine Hynes, proceeded under a statute which gave it no jurisdiction, and that the said decree, for that reason, is void.—*Miles v. Lee et al., supra.*

When the records of a court show that one of its judgments is void, the court rendering such judgment

[Fields v. Woods.]

will expunge such judgment from its records at any time.—*Martin v. Atkinson*, 108 Ala. 320, 18 South. 888; 3 Mayf. Dig., p. 1176, § 873; *Chamblee v. Cole*, 128 Ala. 649, 30 South. 345; 3 Mayf. Dig. p. 1177, § 883.

(3) In our opinion, the records of the probate court of Jefferson county, which were offered in evidence, and which should have been received in evidence by the court, show, for the reasons above stated, that the decree of said court setting aside to Josephine Hynes as a homestead the lands described in the petition of said Josephine Hynes, which appears in this record, is null and void.

The decree of the court below refusing to vacate said decree is therefore reversed, and the cause is remanded to the court below for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.