[Townley v. Burgin.]

# Townley *v.* Burgin.

### Dismissal of Suit.

(Decided May 11, 1915.   Rehearing denied July 6, 1915.
69 South. 591.)

1. **Dismissal and Non-Suit; Remedy.**—Where the trial court erroneously dismisses a suit for failure to revive, as required by law, against the administrator of a deceased defendant, plaintiff's remedy is by mandamus and not by appeal, as there is no defendant against whom an appeal can be prosecuted.

2. **Same.**—Where there has been a judgment of dismissal and the cost taxed in a case where both plaintiff and defendant are before the court, an appeal from the judgment is the proper remedy to secure reinstatement.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by L. L. Townley as administrator against J. B. Burgin, in which plaintiff's suit was dismissed for a failure to revive against the administrator of deceased defendant, and plaintiff appeals.   Appeal dismissed.

(The judgment in this case was reviewed by the Supreme Court on application for certiorari to Court of Appeals, and the majority of the court were of the opinion that the writ should be denied.—70 South. 1014.—Reporter.)

E. N. HAMIL, for appellant.   RICHARD H. FRIES, and W. A. JENKINS, for appellee.

THOMAS, J.— (1) The proper remedy of a plaintiff to get reinstated his suit, which has been dismissed by the trial court under circumstances, as here, for an alleged failure of plaintiff, appellant, to revive as required by law against the administrator of a deceased defendant, is by mandamus, if the action of the court in dismissing was error, and not by appeal, as was in this case resorted to by plaintiff, appellant.—*State ex rel. Wilder v. Smith, Judge, etc.*, 12 Ala. App. 636, 68 South. 490; *Ex parte Jones*, 54 Ala. 108; *Ex parte Sayre*, 69 Ala. 184; *Ex parte Howell*, 118 Ala. 178, 24 South. 500; 2 Spelling's Extraordinary Relief, § 2393, note 3, where Alabama cases are reviewed.

(2) Of course, appeal is the proper remedy where there has been a judgment of dismissal and costs taxed in a case where there are two parties before the court, a plaintiff and a defendant (*Davis v. McColloch,* 191 Ala. 520, 67 South. 701; *Ex parte Smith,* 168 Ala. 179, 52 South. 895; *Lapsley v. Weaver,* 44 Ala. 131; *Ex parte Hendree,* 49 Ala. 360; *Steamboat Empire v. Ala. Coal Min. Co.,* 29 Ala. 698; *Ex parte Bottoms,* 46 Ala. 312, and other cases cited in appellant's brief) ; but where, as here, there is only one party before the court—the plaintiff—and his suit is dismissed because of a failure to revive against a deceased defendant, then the proper remedy for reviewing the action of the court in dismissing or abating the cause is by mandamus, as there is no defendant against whom an appeal can be prosecuted. Authorities first cited.

It follows that the appeal must be, and is accordingly dismissed.

Appeal dismissed.