# State, *ex rel.* Townley *v.* Pugh, Judge.

## Mandamus.

(Decided February 3, 1916. 70 South. 973.)

1. **Abatement and Revival; Capacity.**—Where the complaint disclosed the fact that the action was one which could be maintained against respondent only in his representative capacity, a motion for revival and citation, describing respondent as "J. B., executor of the will of A. B.," sufficiently indicated that the proceedings were against respondent in his representative capacity and not individually; §§ 2499, 2500, furnishing the only authority for reviving a suit, and allowing a revival only against personal representatives of deceased.

2. **Mandamus; Laches.**—Where a suit was dismissed for an alleged failure to revive a year and 8 months before petition for mandamus, but such intervening time is consumed by the relator in testing whether an appeal from the order of dismissal was the proper remedy, the relator is not chargeable with laches in preferring his petition for mandamus, when considered in light of §§ 2499, 2500, Code 1907.

3. **Abatement and Revival; Revivor; Limitations.**—Under §§ 2499, 2500, Code 1907, where petitioner had taken all the necessary preliminary steps to entitle him to an order of revivor within twelve months, it was sufficient to authorize the issuance of an order of revivor after the lapse of 12 months from the death of deceased.

4. **Courts; Appellate Jurisdiction; Original; Mandamus; Demurrer.**— Where an original petition for writ of mandamus was submitted on the petition, and demurrer thereto, and respondent did not indicate when the demurrer was overruled that he wished to answer further, thus leading the court to consider the case as one solely of law on the record, it is not error to issue the writ without affording an opportunity to answer, particularly where it did not appear that the answer would contain matter not already considered.

5. **Pleading; Demurrer; Laches.**—Where laches appear in the complaint or petition, or are inferable from the facts stated, the question may be raised by demurrer.

6. **Courts; Mandamus; Petition; Waiver.**—Where an original mandamus is filed in the appellate court to compel revival of an action after the death of defendant, and the petition for the writ made the original record in the case a part of the petition, it was immaterial that the original complaint was not before the court; the respondent not having objected until after the termination of the petition for the writ.

ORIGINAL petition in the Court of Appeals.

Application by L. L. Townley, as administrator, etc., on the relation of the state of Alabama, against John C. Pugh as judge, for writ of mandamus to compel the allowance of a revivor. Writ granted.

[State, ex rel. Townley v. Pugh, Judge.]

E. N. HAMILL, for petitioner. BURGIN, JENKINS & BROWN, and R. H. FRIES, for appellee.

THOMAS, J.—This is a petition for a writ of mandamus, where the relator, Townley, prays that such a writ be issued and directed to Hon. John C. Pugh, as judge of the city court of Birmingham, requiring him to vacate and set aside an order theretofore entered by him dismissing from his docket a suit in trover brought in that court by petitioner, as plaintiff, against one A. W. Burgin, as defendant, and requiring said Pugh to reinstate said cause on the docket and to make and enter an order therein reviving the same again J. B. Burgin, as executor of the last will and testament of said A. W. Burgin, defendant, who, it is alleged in the petition here, died before the mentioned order of dismissal was made and entered.

We have heretofore held that, if relator was entitled to the relief now prayed, his remedy was by mandamus, as is here pursued, and not by appeal, as was formerly resorted to by him. —*L. L. Townley v. J. B. Burgin, infra,* 69 South. 591.

(1) The petition here is only answered by a demurrer filed to it by respondent, raising the point that the allegations of the petition fail to show a case warranting the relief prayed, and raising the further point of laches in filing the petition. We are of opinion that the demurrers are without merit, and that the writ of mandamus should issue. It appears from the petition that A. W. Burgin, the person against whom, as defendant, the petitioner, as plaintiff, brought the said suit that was so dismissed by the court, died some time after the suit was brought against him, and that within 12 months thereafter the plaintiff, the petitioner here, with a view to reviving the suit, suggested on the record the death of said Burgin, and that an order was then entered by the court granting plaintiff leave to revive against the personal representative of deceased when known. Subsequently, and within the 12 months, it was made known to the court that the personal representative of deceased was James B. Burgin, who had in the meantime been appointed executor of his last will and testament; and, on motion of plaintiff, an order was then made and entered granting plaintiff leave to revive the cause against (quoting from the order) "James B. Burgin, executor of the last will and testament of Andrew W. Burgin, deceased, and," continues the order, "for that purpose, upon the

plaintiff's motion, it is further ordered that citation issue to the said James B. Burgin, executor of the last will and testament of Andrew W. Burgin, deceased, requiring him to appear and defend herein within 30 days after service upon him of said citation."

In pursuance of this order, a citation or writ was duly issued by the clerk, directed to the sheriff, commanding him to summon the said (quoting) "James B. Burgin, executor of the last will and testament of Andrew W. Burgin, deceased," to appear and defend the said suit within 30 days from the service upon him of this writ. The sheriff duly executed and returned into court, as executed, said citation, before the expiration of 12 months from the death of said A. W. Burgin, the deceased defendant. Thereafter the case was continued from term to term until October 6, 1913, when the court, upon motion of said James B. Burgin, entered an order dismissing or abating the suit, acting in so doing upon the theory, as we judge from the demurrers filed as an answer to the petition for mandamus, and from the arguments urged in support thereof, that the steps taken by plaintiff, petitioner here, against said James B. Burgin, as hereinbefore mentioned, to revive the suit, were taken against him in his individual, and not in his representative, capacity, in that the order of the court directing the issuance of citation to him, and the citation issued in pursuance thereof which was served on him, described him as "James B. Burgin, executor of the last will and testament of A. W. Burgin, deceased," and not as "James B. Burgin, as executor," etc.

The case of *Jenkins v. Bramlet*, 131 Ala. 597, 32 South. 575, cited in the brief of respondent's counsel, where it was held that an order of revivor in the name of "L. W. Bramlet, executor of the estate of Elias A. Bramlet, deceased," as party plaintiff was a revivor in the name of L. W. Bramlet as an individual, and that the words in the order of revivor "executor," etc., immediately following his name, were merely descriptio personæ, would seem to furnish authority for the contention of respondent. But we think that that case is distinguishable from the case at bar on the same grounds that it was distinguished by our Supreme Court from the case of *Alabama City, Gadsden & Attalla Ry. Co. v. Heald*, 178 Ala. 638, 59 South. 461, where the suit was by "Robbie F. Heald and Ada V. Heald, administrators of Pat H. Heald, deceased," and where our Supreme Court held that the

action was by said Robbie F. Heald and Ada V. Heald, not in their individual, but in their representative, capacity, because, although the word "as" was not inserted in the complaint between their names and the word "administrators" immediately following (the insertion of which word "as," or words of like import, is usually necessary in order to show that the parties are proceeding, or are being proceeded against, in their representative capacity), yet that, in view of the fact that the complaint disclosed—which was not true in the *Jenkins-Bramlet Case, supra* —that the cause of action was one which could only be maintained by the said Robbie F. Heald and Ada V. Heald in their representative capacity, it must be held that the words "administrators," etc., immediately following their names in the complaint, showed that they were proceeding as plaintiffs in such capacity, and not as individuals.—*Alabama City, Gadsden & Attalla Ry. Co. v. Heald, supra.* So here the cause of action sought to be revived could only be revived against James B. Burgin in his representative capacity, since he was not personally or individually liable for the tort alleged in the complaint to have been committed by his testator, A. W. Burgin; consequently, it must be held that the proceedings against him to revive the suit were in his representative capacity, although the word "as" was omitted between his name and the word "executor" as employed in the mentioned orders and citation of the court. The statutes (Code 1907, §§ 2499, 2500), which furnish the only authority in law for reviving the suit, the common law having required the commencement of a new action, permit a revivor against only the personal representative of a deceased defendant in this kind of an action; hence it would not do, we think, to hold otherwise than that James B. Burgin was brought in in his representative capacity, when the orders of the court and the process issued thereon by which he was brought in described him, as before seen, as "James B. Burgin, executor of the last will and testament of A. W. Burgin, deceased." Under these circumstances it would not comport with a fair and reasonable construction of terms to say that the words "executor," etc., immediately following his name are merely "descriptio personæ." He could not in any other capacity than as personal representative of A. W. Burgin, the deceased defendant, be brought in to defend an action of trover brought against the former, A. W. Burgin, wherein the complaint alleged a conversion by A. W. Burgin, and not by

James B. Burgin, of certain personal property therein described.

(2) It is next insisted by respondent that, notwithstanding this holding, the petition for mandamus should be denied because of alleged laches on the part of relator in preferring or filing said petition, it appearing from the allegations thereof that the mentioned order of the court dismissing the suit was entered on October 6, 1913, while this petition for mandamus praying a reinstatement of the cause was not filed until July 12, 1915—a year and 8 months after said dismissal. It further appears, however, that practically the entire time intervening between said dismissal and the filing of this petition was consumed by the relator in testing out by appeal the question as to whether or not an appeal from the order of dismissal was not the proper remedy to pursue in order to get said cause reinstated on the docket, and that not until May 11, 1915, was that question determined, when it was then decided by this court, as hereinbefore stated, that mandamus, and not appeal, was the proper remedy (*Townley v. Burgin, supra,* 69 South. 591), which decision was subsequently, on certiorari to our Supreme Court, affirmed by them shortly before the relator filed this petition here for mandamus on July 12, 1915. Under these circumstances, we do not think that any laches in preferring the petition are imputable to the relator.— 26 Cyc. 392-394, and authorities cited in note 10 on page 394.

(3) The statute (Code 1907, § 2500) authorizing and providing the method for reviving a suit against the personal representative of a deceased defendant contemplates that, after the issuance and service upon such representative of the citation provided for by the statute, there shall be entered by the court a formal order of revivor, which is usually necessary in order to complete the revivor, unless waived by the conduct of the opposite part.—Code 1907, § 2500; *Waddill v. John,* 48 Ala. 232. No such order of revivor was ever entered in this case, but, as before pointed out, the plaintiff, at the time of the dismissal of his suit by the court on the said motion of said James B. Burgin, had taken all the preliminary steps necessary to entitle him to the order of revivor, and had taken them within 12 months after the death of said A. W. Burgin, the deceased defendant.—Code 1907, §§ 2499, 2500. This is sufficient to authorize the entering of an order of revivor after the lapse of 12 months from the death of deceased.—*State, ex rel. Wilder v. Smith,* 12 Ala. App. 636, 68 South. 490, and cases there cited.

[State, ex rel. Townley v. Pugh, Judge.]

It is ordered that writ of mandamus issue, directed as prayed in the petition, and requiring Hon. John C. Pugh to set aside the order of dismissal and to reinstate the cause on the docket, and to enter an order of revivor against James B. Burgin, as executor of the last will and testament of A. W. Burgin, deceased, if promptly moved for by petitioner as plaintiff.

Writ granted.

## ON REHEARING.

(4) On application for rehearing, it is contended that the writ for mandamus should not have been granted on the overruling by the court of respondent's demurrer to relator's petition without giving respondent an opportunity to file further answer to the petition. In answer to this contention it is sufficient to say that the case was submitted to this court upon the petition and demurrer, without any suggestion on respondent's part that, if the demurrer were overruled, the respondent desired to file any further answer; but respondent by his conduct thus led this court to treat and consider the case as one solely of law on the record. The court is now therefore of the opinion that the discretion to set aside the final order granting the writ and to allow further answer should not be exercised, especially since it appears from the application for rehearing that the matters desired to be set up in the further answer are facts which appeared in the allegations of the petition itself, and which were duly considered by this court in reaching the conclusion that its discretion should be exercised in favor of granting the writ.

(5, 6) No suggestion is made that the answer desired now to be filed would contain any denial of any of the allegations of the petition, which are still conceded to be true. The matters of laches mentioned in the application for rehearing are such as were considered on demurrer. Nor is there any merit in the contention that the original complaint in the case was not before us in considering the petition and demurrers. The petition, by its allegation and without objection, made the original record in the case a part of the petition.

Application for rehearing overruled.