(117 So. 663)

## PATERSON v. WISENER. (1 Div. 484.)

Supreme Court of Alabama. June 28, 1928.

Smiths, Young & Johnston, of Mobile, for appellant.

Brown & Kohn, of Mobile, for appellee.

SOMERVILLE, J. This action is under the Workmen's Compensation Law (Laws 1919, p. 206), and the appeal is by the defendant employer from a judgment awarding compensation to the injured workman.

The plaintiff had been totally blind in his left eye since childhood, and while working for the defendant suffered an accident causing the practically total loss of sight in the remaining eye, and resulting in permanent total incapacity.

The trial court held that the case is governed by the Code § 7551 (e) 1½, which declares:

"If an employee has previously lost the sight of one eye or lost one leg or lost one arm, and thereafter in the same employment or in the employment of another, he should by accident receive additional injuries so as to proximately cause the loss of sight of both eyes or the loss of both legs or the loss of both arms, said employee shall receive three-fourths of the amount provided hereunder for one who has received a permanent total disability and there shall be credited on said three-fourths amount any payments which said employee had received or may receive for his first disability."

Accordingly the award was made on the basis of three-fourths of a total disability when all of it is suffered presently, as provided by section 7551 of the Code, under subdivisions (d) and (e).

Defendant's primary contention is that subdivision (e) 1½ is not applicable to this case, and hence that the award under that provision is illegal and excessive. The argument is that the clause, "and thereafter in the same employment or in the employment of another" is restrictive in meaning and purpose, and that unless the eye, leg, or arm previously lost was lost in a *previous employment*, the resulting disability, though permanent and total, is not within the protective purpose and operation of the statute.

If we are to look no further and see no more than a mere array of words, if we are to so close our eyes to the plainly apparent purpose of this particular provision, and if we could ignore the general intention and structure of the law as a whole, we might concede the virtue of plausibility to this view of the statute. It must be conceded that what it plainly means is awkwardly expressed. If its language is to be narrowly and literally construed the statute would be without sense or meaning, because of its *second* condition that the later "additional injuries" must "proximately cause the loss of sight of *both* eyes or the loss of *both* legs or the loss of *both* arms" —a condition impossible of fulfillment.

Literally construed, this sentence embodies an Irish "bull" of excellent quality, for it says that, although one of the two members in question has been *previously* lost, the later injury must cause the loss of *both* of them. That is what it says, but of course we understand at a glance that that is not what it means.

So with the clause here under consideration. The manifest intention of the law is to provide for workmen who have suffered total disability by reason of the losses specified. There can be no difference in law, or in policy, or in humanity, between the case of a workman whose first one of two members was lost in a previous employment, and of a workman whose first one of two members was lost by any accident or misfortune *outside of* a previous employment. The condition of the workman is exactly the same, his need for compensation is just as urgent, and the award equally fair and just. We are therefore unwilling to impute to the Legislature a purpose to make a distinction so shallow and senseless, and so lacking in the spirit of fairness and humanity, unless the language of the statute forcibly drives us to that conclusion.

We do not find in this language any such compulsion. Our judgment is that the purpose of this sentence was to expand rather than to contract the operation of the law—at least, to make it clear that it was not restricted to injuries suffered in the one employment or the other. The meaning is, *whether* in the one or the other. Conceding that it fails in comprehensiveness, it can on no rational grounds be regarded as definitive or restrictive of the mode or circumstances of the previous loss.

The general rule of construction is very well stated in 25 R. C. L. 967, § 222, as follows:

"It often happens that the true intention of the lawmaking body, though obvious, is not expressed by the language employed in a statute when that language is given its literal meaning. In such cases, the carrying out of the legislative intention, which, as we have seen, is the prime and sole object of all rules of construc-

tion, can only be accomplished by departure from the literal interpretation of the language employed. Hence, the courts are not always confined to the literal meaning of a statute; the real purpose and intent of the legislature will prevail over the literal import of the words. When the intention of a statute is plainly discernible from its provisions that intention is as obligatory as the letter of the statute, and will even prevail over the strict letter. The reason of the law, as indicated by its general terms, should prevail over its letter, when the plain purpose of the act will be defeated by strict adherence to its verbiage. It is frequently the case that, in order to harmonize conflicting provisions and to effectuate the intention and purpose of the lawmaking power, courts must either restrict or enlarge the ordinary meaning of words. The legislative intention, as collected from an examination of the whole as well as the separate parts of a statute, will prevail over the literal import of particular terms, and will control the strict letter of the statute, where an adherence to such strict letter would lead to injustice, to absurdity or contradictory provisions. It is an old and unshaken rule in the construction of statutes that the intention of a remedial statute will always prevail over the literal sense of its terms, and therefore when the expression is special or particular, but the reason is general, the expression should be deemed general."

And it has been very generally declared that a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute unless it is within the intention of the makers. City of Birmingham v. South. Express Co., 164 Ala. 529, 51 So. 159; Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897; Dubose v. Dubose, 38 Ala. 238; Thompson v. State, 20 Ala. 54; 25 R. C. L. 969, § 222. Of course it must be remembered in such cases that the *plain* letter of the statute is not to be disregarded unless there is a moral conviction, consistent with the entire statute, that the Legislature could not have intended the result of a literal construction. Napier v. Foster, 80 Ala. 379; Board of Revenue v. McDanal, 213 Ala. 349, 105 So. 191.

We think that section 7551, subd. (e) 1½, is applicable to this case, and that compensation was properly awarded according to its provisions.

■ But counsel for appellant contend that, even so, the amount of the award is excessive and should be reduced under the provisions either of section 7551 (e) 1, or of section 7561. These are:

7551 (e) 1. "If an employee has a permanent disability. or has previously sustained another injury than that in which he received a subsequent permanent injury by accident such as is specified in the sections herein defining permanent injury, he shall be entitled to compensation only for the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not existed."

7561. "If the degree or duration of disability resulting from an accident is increased or prolonged because of a pre-existing injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."

If these statutes should be given the effect suggested by counsel for· appellant, they would completely nullify section 7551 (e) 1½, supra. Manifestly, they were not intended for such purpose, and the rules of construction forbid such an intendment if there be any rational alternative. "It is an old and familiar rule, which is closely related to the doctrine of ejusdem generis, and to the rule that where an act contains special provisions they must be read as exceptions to general provisions in a separate earlier or subsequent act, that where there is in the same statute a particular enactment, and also a general one which in its most comprehensive sense would include what is embraced within the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment." 25 R. C. L. 1010, § 250; Atkins v. Fibre, etc., Co., 18 Wall. 272, 21 L. Ed. 841; McKee v. United States, 164 U. S. 287, 17 S. Ct. 92, 41 L. Ed. 437; People v. Kipley, 171 Ill. 44, 49 N. E. 229, 41 L. R. A. 775. More briefly stated, specific legislative provision for particular cases removes those cases from the operation of general provisions that might · otherwise include and govern them. Here section 7551 (e) 1½ deals with three particular and highly exceptional cases of total permanent disability. Sections 7551 (e) 1 and 7561 have a large field of operation upon cases other than those thus specially provided for, and their operation must be limited to those other cases. These conclusions seem too plain for serious controversy.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.