(118 So. 229)

GUY v. PRIDGEN & HOLMAN. (4 Div. 421.)

Court of Appeals of Alabama. Oct. 9, 1928.

Farmer, Merrill & Farmer, of Dothan, for appellant.

T. M. Espy, of Dothan, for appellee.

SAMFORD, J. The plaintiff brought his suit by the levy of an attachment against the property of defendant, who was and is a nonresident of the state, and, after levy of the attachment writ upon certain lands of defendant lying and being in the state, undertook to complete the process by bringing the defendant into court under the provisions of section 9447 of the Code of 1923.

■ Section 9447, supra, provides:

"If the suit is commenced by attachment [as in the instant case], a copy of the writ of attachment with the return of the officer executing the same, and of the complaint filed in the cause, together with a summons to answer, plead or demur to such petition, complaint or bill of complaint within thirty days from the service thereof as provided herein shall be issued and sent by the clerk," etc., "to such defendant by registered mail, postage prepaid, marked: 'For delivery only to the person to whom addressed,' and return receipt demanded, addressed to the sending officer."

The requirements of this state are mandatory and jurisdictional, and a failure as to any of them results in a failure to bring the defendant before the court in such manner as to authorize or justify the court in proceeding against him personally or in condemnation of his property. 15 R. C. L. 636. Therefore, when in the process served there is a material omission, the defendant can remain quiescent until such time as he has been legally brought before the court.

■ Section 9450 of the Code of 1923 relating to this same subject makes provision for a certificate from the clerk as to full compliance with the requirements of the sections preceding, and, while it is not specifically declared, such certificate when made is prima facie evidence of the facts therein stated; otherwise the section would be of no force, and would be meaningless. The certificate in the instant case meets every requirement of the statute, and is sufficient prima facie to give the court the required jurisdiction to render judgment.

■ There remains another question as presented by this record. While the certificate of the clerk meets the requirements of section 9450, supra, there is no summons to the defendant appearing in the record as is provided by section 9447, supra, and the recitals in the judgment entry are contradictory of the clerk's certificate; it being recited in the judgment that there was sent to defendant by registered mail, etc., "a copy of the complaint, a copy of the attachment affidavit and the writ, together with the sheriff's return thereon." So, while it appears in the certificate of the clerk that a summons was sent to defendant, it appears from an inspection of the record that no summons was ever issued, and the judgment recites the service of other papers omitting the summons. It appears therefore that the court was without jurisdiction to enter the judgment by default. Parties may not be deprived of their property without due process of law, and in this case due process includes a summons, etc. It would appear therefore that the judgment rendered by default would be subject even to collateral attack. 15 R. C. L. 895, par. 374.

The circuit court being a court of general jurisdiction, the jurisdictional facts necessary to sustain its judgment would be presumed, if the record had been silent as to such facts. But the judgment in this case contains recitals as to the jurisdictional facts, which omit a recital of the service of a summons as required by the statute. It takes this to complete the process. 15 R. C. L. 895, par. 373. The judgment is erroneous and must be reversed.

Reversed and remanded.