59 So.2d 608

## CULLARS v. CALLAN.
### 5 Div. 318.

Court of Appeals of Alabama.
Oct. 31, 1950.

Rehearing Denied Nov. 21, 1950.

Mandamus Granted on Mandate
June 10, 1952.

482

R. C. Smith and Walker & Walker, all of Opelika, for appellant.

Brown & McMillan, of Opelika, for appellee.

HARWOOD, Judge.

A suit in which Joseph A. Cullars, was plaintiff, and John A. C. Callan was defendant was instituted by an attachment.

The affidavit in the attachment proceedings, made and filed by the plaintiff, Cullars, who is the appellant here, recited that Callan was a non-resident, and resided at 3819 Military Road, N. W., Washington, D. C., and was indebted to the plaintiff in the sum of $454.43 for work, labor and materials furnished him by the plaintiff.

The affidavit of plaintiff below was filed on 10 June 1949, and on that same day a writ of attachment was issued, which was executed by the sheriff the following day, that is, 11 June 1949.

Notice of the attachment was published for three successive weeks in a newspaper published in Lee County, Alabama.

On 15 June 1949 a copy of the paper containing the notice, together with a copy of the writ of attachment with the sheriff's return, was mailed to the defendant below by the clerk of the court.

It is to be noted that no copy of any summons and complaint was mailed to the defendant.

A complaint sounding in the common counts was filed on 22 June 1949, within fifteen days, as provided by Section 882, Title 7, Code of Alabama 1940.

On 5 August 1949, the defendant not having entered an appearance, the court, on motion of the plaintiff, entered a judgment condemning the property levied on and ordered a writ of venditioni exponas to issue directing the sheriff to sell the property levied on to satisfy the demand and court costs.

Thereafter, on 14 September 1949 the defendant filed a motion to set aside the judgment on the grounds that it was void on its face, and that the defendant was never lawfully served with process, and hence the court was without jurisdiction to enter the judgment.

On 21 October the plaintiff moved to strike the motion of defendant to set aside the judgment, the grounds thereof being that said motion was too late, in that it was filed more than thirty days after the rendition of the judgment, with no sufficient excuse, and no merit in defense shown, and therefore barred by Circuit Court Rule No. 11.

On 3 November 1949 an affidavit was filed by one of the attorneys for the plaintiff. The affidavit set forth certain conferences had between the attorneys for the respective parties had in August 1949, relative to a settlement of the judgment.

The respective motions were submitted to the court on 4 November 1949. Thereafter the court entered orders overruling the motion of the plaintiff to strike defendant's motion to set aside the judgment, and granting defendant's motion to set aside the judgment, and restoring the cause to the docket.

Thereafter on 4 January 1950 the plaintiff below attempted to perfect an appeal from the order of the court setting aside the judgment.

However, on 11 April 1950 the plaintiff below filed in this court a motion to the effect that if appeal be held an improper remedy that an alternate writ of mandamus be issued to the trial judge ordering

him to set aside his order setting aside the judgment.

The sufficiency of this petition has not been tested by any pleading filed by the defendant below.

The defendant below also filed on 11 April 1950 a motion to dismiss the appeal, on the grounds that the attempted appeal is from an interlocutory order, and not a final judgment.

■ The order setting aside a default judgment and restoring the cause to the docket is not appealable, for the judgment or order, is merely interlocutory. Mandamus is the appropriate remedy to review the trial court's action in such instances. McDavid v. United Mercantile Agencies, 248 Ala. 297, 27 So.2d 499; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116. The appellee's motion to dismiss the appeal is therefore granted.

■ We still have before us however appellant's petition for an alternative writ of mandamus. The record of this cause is of course before us. Nothing has intervened between the filing of the record on the attempted appeal and the filing of the motion for the alternative writ of mandamus which could in any wise tend to prejudice either party. The petition has not been challenged. Appellant's uncertainty as to the proper remedy to pursue should be excused in light of conflicting decisions on this question. See Griffin v. Proctor, supra, for an excellent review of this question by Lawson, J. We see no reason therefore for charging the appellant petitioner with laches, and will proceed to consider this cause in its mandamus aspect. State ex rel. Townley v. Pugh, 14 Ala.App. 585, 70 So. 973.

We will for convenience hereinafter refer to the petitioner as the appellant, the position he originally attempted to occupy.

Appellant's first assignment of error, and the points raised thereunder are addressed to the theory that the trial court had lost jurisdiction to set aside the default judgment because more than thirty days had elapsed since its rendition. Appellant relies upon Section 276, Title 7, Section 119, Title 13, Code of Alabama 1940, and Circuit Court Rule 11, and certain cases construing the above provisions.

■ It is of course to be conceded that all of the above provisions limit the trial court's power over its judgments to a period of thirty days, except for the correction of clerical misprisions or amendments. However these provisions by their very terms apply to judgments. Such can be deemed to exist only if valid, or at least voidable. A void judgment is a complete nullity. Provisions relating to valid and voidable judgments cannot be deemed applicable to null and void orders of a court.

■ Therefore, where it appears on the face of the record that a judgment is void, either for want of jurisdiction of the subject matter or of the party, it is the duty of a court, upon application by an interested party having rights immediately involved, to vacate such judgment at any time subsequent to its rendition. Such power is to be deemed inherent in the interest of orderly judicial procedure and the records thereof. This power is not affected by acts and rules relating to practice whereby the power of a court over its judgment is restricted as to time. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Hynes v. Underwood, 191 Ala. 90, 67 So. 994; Chamblee v. Cole, 128 Ala. 649, 30 So. 630; Griffin v. Proctor, supra; Hobson-Starnes Coal Co. v. Alabama Coal & Coke Co., 189 Ala. 481, 66 So. 622; Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782.

We will therefore look to the court's jurisdiction, or lack thereof, as revealed by the record to determine the status of this judgment as determinative of the power of the court to set aside the default judgment.

The existence of jurisdiction in this cause depends upon the interpretation of several code sections pertaining to service of process by publication.

It is clear from the record that only a newspaper published copy of the notice of the attachment, together with a copy of the writ of attachment with the sheriff's return was mailed to the defendant, and that the defendant's address was known.

Appellant contends that this mode of service was sufficient under Section 852, Title 7, Code of Alabama 1940, to invest the lower court with jurisdiction in this proceeding.

Section 852, supra, reads as follows:

"When an attachment is sued out against a non-resident of the state, the writ shall be returned to the clerk of the court as soon as levied upon the property of the defendant, and thereupon the clerk shall cause a notice of the attachment and levy on the defendant's property to be advertised, once a week for three successive weeks, in some newspaper, a copy of which must be sent by mail to the defendant, if his residence is known or can be ascertained; and when such publication is perfected, the case shall stand for trial at any time after the expiration of thirty days thereafter."

The appellant further contends that Section 852 is but an alternative and additional method of acquiring jurisdiction in attachment suit proceedings, and that his position is fortified by Section 340, Title 7, Code of Alabama 1940, which reads:

"There shall be no objection to service of process or notice to litigants, that two or more modes of service or notice are provided for by law; but service of notice perfected in any one manner or mode which is provided for by law shall be deemed sufficient, notwithstanding other modes or manner of service and notice are provided by law."

On the other hand it is the contention of appellee that Sections 201 and 202 of Title 7, Code of Alabama 1940, evidence an intent of the legislature to limit the mode of service in attachment suits where the address of the defendant is known, and in such cases provide the only method of acquiring jurisdiction in such cases.

Sections 201 and 202, supra, provide:

"201. *In all actions at law process shall issue as provided in the succeeding sections* where a defendant is shown, by affidavit of a petitioner, plaintiff, or his agent or attorney, to be

* * * a nonresident * * *; and such affidavit shall further state whether the place of residence and postoffice address * * * or such defendant, is known or unknown, and if known, stated, as fully as known * * *." (Italics ours.)

"202. When such affidavit, shall set forth the name, place of residence, and postoffice address of the defendant, and such defendant is over the age of fourteen years, a copy of the petition or complaint, *or if the suit is commenced by attachment, a copy of the writ of attachment, with the return of the officer executing the same, and of the complaint, or petition, filed in the cause, together with the summons to answer, plead or demur to such complaint, or petition, within thirty days from the service thereof, shall be issued and sent by the clerk,* justice of the peace, or judge of the court in which the proceeding is pending, to such defendant by registered mail, postage prepaid, and marked 'for delivery only to the person to whom addressed,' and 'return receipt' demanded, addressed to the sending officer; and such receipt when received in return, shall be filed in the cause and entered upon the final records of said court, and such 'return receipt' shall be prima facie evidence of the service of said summons, and of the copy of said complaint, or petition, as the case may be, and said service shall be effective from the date on which such 'return receipt' was received by the sending officer." (Italics ours.)

The record shows affirmatively that the appellant has complied with the provisions of Section 852, supra, a statute broad in its scope of operation. The record also shows that he has not complied with the provisions of Sections 201 and 202, supra, in that no copy of the summons and complaint was ever mailed to the defendant at his address shown by the affidavit to be known.

The progenitor of Sections 201 and 202, supra, first appear in our statutes in an act approved 25 September 1919. General Acts of Alabama 1919, page 557. This act is in five sections, and is as follows:

"1. That when any non-resident of the State, or any resident of the State who has been absent from the State for at least six months prior to the institution of such proceedings, or any resident of this State who conceals himself so that process can not be served upon him, shall be made a party defendant to any proceedings in any of the courts of this State, the complainant or plaintiff or petitioner shall set forth in his complaint, petition or bill of complaint the fact of such non-residence, or the fact that the defendant had been absent from the State for at least six months prior to the institution of such proceedings or the fact that the defendant conceals himself so that process cannot be served upon him, and whether the place of residence and Post Office address of such defendant is known or unknown, and if known shall state it as fully as known; and if unknown oath shall be made that such address and place of residence cannot be ascertained after reasonable effort.

"2. That when the petition, complaint or bill of complaint sets forth the place of residence and post office address of such non-resident, or the place of residence and post office address of a resident defendant who has been absent from the State for at least six months prior to the institution of such proceedings or the post office address and place of residence of a resident of this State, who conceals himself so that process cannot be served upon him, a copy of the petition, complaint or bill of complaint, together with a summons to answer such petition, complaint or bill of complaint within thirty days from the service thereof as herein provided, shall be issued and sent by the clerk or register of the court in which the proceedings are pending to such defendant by registered mail, postage prepaid, marked 'For delivery only to the person to whom addressed' and return receipt demanded addressed to the clerk or register of the court in which the case is pending; that such receipt when received in return shall be filed in the cause and entered upon the final record of said court; and such receipt shall be prima facie evidence of the service of said summons and of the copy of said petition, complaint or bill of complaint as the case may be, and said service shall date from the date on which it is received by such clerk or register.

"3. That service in the manner and mode as herein provided shall have all the force and effect of personal service by the sheriff, except cases wherein a personal judgment is sought against the defendant for the payment of money, and except in case where the property involved is located outside of the State of Alabama.

"4. That all orders, judgments and decrees rendered in causes upon such service shall become final after the expiration of thirty days from the rendition thereof, to the same extent as such orders, judgments and decrees become final after the expiration of thirty days from the rendition thereof in causes wherein there has been personal service by the sheriff.

"5. That the mode of service herein provided shall be an additional mode of service, and not exclusive of any other mode now provided by law."

Without material alterations, or at least alterations material to the question now being considered, this act appears in the Code of 1923 as Sections 9430 through 9434. It should be noted that Section 5 of the Act of 1919, Sec. 9434 of Code of 1923, provides that "the mode of service herein provided shall be an additional mode of service, and not exclusive of any other mode now provided by law."

Section 9430 of the Code of 1923, Section 1 of the Act of 1919, in part combination with Section 9446 of the Code of 1923, was carried forward in our 1940 Code as Section 201, Title 7, but with the following significant addition:

"In all actions at law process shall issue as provided in succeeding sections. * * *" See Section 201, supra. (Italics ours.)

Section 9431 of the Code of 1923 was partly combined with Section 9447 of the same code, and brought forward in our 1940 Code as Section 202, Title 7.

██ Sections 9432 and 9433 of the Code of 1923, Sections 3 and 4 of the Act of 1919, do not appear in the Code of 1940, and must be deemed repealed by the Act of 2 July 1940, which adopted the Code of 1940.

Section 9434 of the Code of 1923, Section 5 of the Act of 1919, which made the method of service provided in the preceding four sections "an additional mode of service, and not exclusive of any other mode now provided by law" does not appear in the Code of 1940.

Appellant's counsel states in his brief that Section 5 of the Act of 1919 appears as Section 9445 of the Code of 1923, and was carried forward in the Code of 1940 as Section 340, Title 7. This is not correct, as Section 5 is substantially identical with Section 9434 of the Code of 1923, and Section 340 of Title 7, Code of 1940 is but an exact copy of Section 9445 of the 1923 Code.

In view of this, Section 9434 of the Code of 1923, Section 5 of the Act of 1919, must be deemed to have been repealed by the code adoption act of 1940, supra.

By these significant changes we think it clear that it was the intention of the legislature, as evidenced by Sections 201 and 202 of Title 7, Code of Alabama 1940, to provide for a particular mode of service in attachment suits where the defendant's address is known.

██ In Pullman Palace Car Co. v. Harrison, 122 Ala. 149, 25 So. 697, 699, our Supreme Court made the following observation in reference to the statutory remedy of attachment:

"The remedy by attachment was unknown to the common law, and derives its existence from statutory enactment; and in consideration of its harshness and extraordinary character courts are generally, in the absence of any statutory provisions regulating their construction, inclined to construe the statutory provisions creating it strictly in favor of those against whom it may be employed. And on account of its origin, the jurisdiction of the courts invoked to enforce this remedy is placed upon the same footing with courts of special or limited jurisdiction, with no presumptions in favor of their jurisdiction in cases arising under the attachment laws."

██ In Sections 201 and 202 of Title 7, supra, the legislature has clearly evidenced a particular mode of service in attachment suits where the address of the defendant is known, as in this case. This specific legislative provision for this particular type of case removes such cases from the general provisions of Section 852, supra. Paterson v. Wisener, 218 Ala. 137, 117 So. 663. The remedy thus provided in Sections 201 and 202, supra, is exclusive in cases falling within the particular category set forth in these sections. Section 340, of the Code of 1940, relative to dual modes of service can therefore have no operative force or influence.

██ The appellant has failed to follow the requirements of the provisions of Sections 201 and 202, supra. These requirements are mandatory and therefore jurisdictional, and an absence of any one of them is fatal to the suit in its due process aspect. Guy v. Pridgen & Holman, 22 Ala. App. 595, 118 So. 229.

██ The judgment being void, the affidavit filed by appellant's attorney in support of his motion to strike defendant's motion to set aside the judgment, said affidavit setting forth facts showing knowledge on the part of the defendant of the rendition of the judgment, can exert no material influence on defendant's rights in the premises.

It is our conclusion therefore that the attempted appeal in this case should be, and the same hereby is, dismissed, and further, that the petition for an alternative writ of mandamus is due to be, and hereby is, denied.

Appeal dismissed, petition for alternative writ of mandamus denied.

After Remandment.

PER CURIAM.

The Supreme Court having reversed our judgment and order of 31 October, 1950,

denying the petition for writ of mandamus, and remanded the cause to us for further consideration, it is now the order and judgment of this Court, on authority of Cullars v. Callan, 257 Ala. 224, 59 So.2d 614, that the petition for writ of mandamus be and the same is hereby granted.