## LOUISVILLE & N. R. CO. v. DEUTSCHE DAMPFSCHIFFFARTS–GESELL-SCHAFT.

District Court, S. D. Alabama, S. D.

Sept. 5, 1930.

Smith & Johnston, of Mobile, Ala., for plaintiff.

Pillans, Cowley & Gresham, of Mobile, Ala., for defendant.

ERVIN, District Judge.

This was a suit commenced by attachment in the circuit court of Mobile county, Ala., by the plaintiff, a Kentucky corporation, against the defendant, a foreign corporation, incorporated in Germany, on a cause of action arising out of a tort alleged to have been committed by one of defendant's ships in Pensacola, Fla.

The case was removed from the state court to this court, and the defendant appeared specially in this court and moved to quash the writ of attachment issued in the circuit court of Mobile county and the levy of attachment on the ship belonging to the defendant corporation.

There were two motions of this kind assigning various grounds, among others, that the circuit court of Mobile county is without jurisdiction of the cause of action set up, because of the commerce clause of the federal Constitution.

Section 5681 of the Code of Alabama reads as follows: "Whenever, either by common law or the statutes of another state, a cause of action, either upon contract, or in tort, has arisen in such other state against any person or corporation, such cause of action shall be enforcible in the courts of this state, in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state."

The Supreme Court of Alabama in Pullman Palace Car Co. v. Harrison, 122 Ala. 149, 25 S. Ct. 697, 82 Am. St. Rep. 68, holds that a foreign corporation cannot be sued in Alabama on a tort committed by it in another state, even though it be doing business in Alabama; and that an attachment in this state of the property of a foreign corporation is void where the court out of which the attachment issued has no jurisdiction of the cause of action. After the opinion in this case was rendered, the section 5681 was passed by the Legislature of Alabama, and it undoubtedly purports to meet the ruling in the Pullman Case by giving to the Alabama courts jurisdiction both in contract and in tort of causes of action arising both against persons and corporations in other states.

The question then arises whether this statute put such a burden upon foreign commerce as to bring it under the commerce clause of the federal Constitution.

In the absence of the statute, under the decision of the Alabama court, the circuit court would have no jurisdiction, whereas the statute expressly confers jurisdiction on the state courts in a cause of action or tort arising in another state. The cause of action alleged in this case having originated in the state of Florida, there can be no question that the state court has jurisdiction unless forbidden by the commerce clause of the federal Constitution.

This clause is found in section 8 of article 1 of the federal Constitution, and, so far as necessary in this case, reads as follows: "The Congress shall have power  *  *  *  to regulate Commerce with foreign Nations, and among the several States."

It is urged by plaintiff in this case that it would lose its cause of action unless permitted to sue in Alabama, for the defendant being an alien corporation having no property in this country and only sending its property here in due course of business; that it will not send this property to Pensacola where the cause of action arose, and hence, if it cannot sue here, it is remediless, unless going to Germany to sue.

This may be a hardship on plaintiff, but it does not affect the question as to whether or not the federal Constitution controls the state act, for, if it does, the fact that plaintiff will loose his right to sue is immaterial.

Some of the opinions construing the commerce clause are as follows:

"A state statute which by its necessary operation directly interferes with or burdens foreign commerce is a prohibited regulation and invalid, regardless of the purpose with which it was passed.  *  *  *  Congress has complete and paramount authority to regulate foreign commerce.  *  *  *" Di Santo v. Pennsylvania, 273 U. S. 37, 47 S. Ct. 267, 268, 71 L. Ed. 524.

"It has been frequently laid down by this court that the power of congress over interstate commerce is as absolute as it is over foreign commerce. Would any one pretend that a state legislature could prohibit a foreign corporation,—an English or a French transportation company, for example,—from coming into its borders, and landing goods and passengers at its wharves, and soliciting goods and passengers for a return voyage, without first obtaining a license from some state officer, and filing a sworn statement as to the amount of its capital stock paid in? And why not? Evidently because the matter is not within the province of state legislation, but within that of national legislation [citing authorities]. The prerogative, the responsibility, and the duty of providing for the security of the citizens and the people of the United States in relation to foreign corporate bodies, or foreign individuals with whom they may have relations of foreign commerce, belong to the government of the United States, and not to the governments of the several states; and confidence in that regard may be reposed on the national legislature without any anxiety or apprehension arising from the fact that the subject-matter is not within the province of jurisdiction of the state legislatures. And the same thing is exactly as true with regard to interstate commerce as it is with regard to foreign commerce. No difference is perceivable between the two"—citing authorities. Crutcher v. Kentucky, 141 U. S. opinion, pages 57, 58, 11 S. Ct. 851, 854, 35 L. Ed. 649.

We further find the Supreme Court saying: "It may be argued  *  *  *  [that] the inference to be drawn from the absence of legislation by Congress on the subject ex-

cludes state legislation affecting commerce with foreign nations more strongly than that affecting commerce among the states. Laws which concern the exterior relations of the United States with other nations and governments are general in their nature, and should proceed exclusively from the legislative authority of the nation. The organization of our state and federal system of government is such that the people of the several states can have no relations with foreign powers in respect to commerce * * * except through the government of the United States, and its laws and treaties. * * * The same necessity, perhaps, does not exist equally in reference to commerce among the states. * * * And * * * in respect to commerce among the states, it may be * * * that the same inference is not always to be drawn from the absence of congressional legislation, as might be in the case of commerce with foreign nations." Bowman v. C. & N. W. Ry. 125 U. S. opinion, page 482, 8 S. Ct. 689, 697, 31 L. Ed. 700.

"As to those subjects of commerce which are local or limited in their nature or sphere of operation, the State may prescribe regulations until Congress assumes control of them.

"As to such as are national in their character, and require uniformity of regulation, the power of Congress is exclusive; and until Congress acts, such commerce is entitled to be free from state exactions and burdens.

"The commerce with foreign nations and between the States, which consists in the transportation of * * * property between them, is a subject of national character, and requires uniformity of regulation.

"The only interference by a state with the landing and receiving of * * * freight arriving by vessels from another State or from a foreign country which is permissible, is confined to measures to prevent confusion among the vessels, and collisions between them, to insure their safety and convenience, and to facilitate the discharge or receipt of their passengers and freight." Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 5 S. Ct. 826, 29 L. Ed. 158.

▮ The question, therefore, is whether this statute imposes a burden on commerce with foreign nations. It will not be disputed that, in the absence of the statute, a corporation of a foreign nation could send its vessels and commerce into Alabama without subjecting it to attachment on a cause of action arising from a tort committed in some other state, because the state courts had no jurisdiction of the cause. The statute changes this by making such corporation suable here on such cause of action.

Now under the commerce clause such corporation has the right to send its vessels and goods into this state without liability to any burden which might be imposed by the state. The imposition is not a regulation to prevent confusion or collision among vessels or to conserve their safety and convenience or to facilitate the discharge or receipt of their passengers or freight.

It does not purport to regulate any business or provide for the lives, health, or comfort of persons or protection of property, but simply imposes a liability to suit on a cause of action arising elsewhere, should any foreign corporation send its property into this state on any business venture, so it could be seized here, or should any of the principal officers or agents come into this state, so that process might be served on them here.

I conclude that, so far as the statute undertakes to make or has the effect of making the property of an alien or foreign corporation, that comes into this state in interstate or foreign commerce, liable for debts created or torts committed in other states, it is in conflict with the commerce clause of the United States and void.

▮ It is contended that the making of a bond in the state court and so releasing the attached ship amounted to an appearance.

If the state court was without jurisdiction to try the cause of action on which the attachment was issued, the attachment was void, for it could not seize property in a cause it had no jurisdiction to try.

The motion to quash the attachment will be granted and the cause dismissed because the circuit court of the state had no jurisdiction of the cause of action.