281 So.2d 277

**Gayle B. THOMPSON**

v.

**Thomas L. THOMPSON.**

**Civ. 181.**

Court of Civil Appeals of Alabama.

July 25, 1973.

Harold P. Knight, Birmingham, for appellee.

BRADLEY, Judge.

Appellee filed suit for divorce in the Circuit Court of Jefferson County, in Equity, against his wife, the appellant, on June 26, 1972. In the bill of complaint as later amended, appellee alleged that he and his wife had lived together as man and wife for three years, and separate and apart for two years. He further alleged that appellant abandoned him and that such abandonment had been continuous for more than one year prior to the filing of the complaint. Appellee also asked that appellant be divested of her share of the ownership of the house and lot where they had lived as man and wife and that possession thereof be reposed in him.

After appellant's demurrer was overruled, an answer was filed in which she admitted the marriage and separation, but denied that she had abandoned appellee. Appellant also stated that she should not be deprived of her interest in the house and lot where they had lived as man and wife. The property, so she alleged, was jointly owned with right of survivorship.

Grover S. McLeod and Erskine R. Lindsey, Birmingham, for appellant.

Hearing was held before the court, at which time testimony was taken from several witnesses including appellant and appellee. No court reporter was in attendance at the hearing and, consequently, no record of the proceedings was made for later use.

The trial court, after the hearing, decreed that the husband was divorced from the wife and that appellant should be compensated for her interest in the jointly held property. The value of her interest was fixed at $800. In return for the $800, appellant was to convey her interest in the property to appellee. It was further provided by the court that appellant pay the costs that had accrued.

Appellant then asked for a rehearing of the matter but it was denied.

The appeal is taken from the decree granting the divorce and from the decree denying the rehearing.

The one assignment of error contends that the decree of the court divesting appellant of her interest in the jointly owned property in exchange for the payment of $800 as compensation for said interest was erroneous for the reason that the evidence did not support the value placed on appellant's share of the jointly owned property, that the consideration paid appellant for her interest in the property was inadequate and that the court considered evidence beyond the scope of the hearing before it. Also it is contended that the division of the jointly owned property was in effect an award of alimony to the husband.

■ The absence from the record on appeal of the evidence presented to the trial court at the hearing resulting in the decree appealed from, precludes a review by this court of the trial court's decree insofar as the sufficiency of the evidence to support is concerned. Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321.

■ In the present case the record does not contain the evidence presented to the trial court resulting in the decree now before us. Consequently, this court cannot review the propriety of the decree appealed from insofar as the sufficiency of the evidence to support it is concerned. We therefore must assume that the decree in that aspect wherein appellant is awarded $800 as the value of her interest in the jointly owned real property is supported by the evidence presented to the trial court.

Appellant also contends that the trial court erred in divesting appellant of her interest in the jointly owned property and awarding it to appellee in exchange for the payment of $800 therefor. She says this amounts to requiring her to pay alimony to her former husband.

■ This court has held that the division of jointly owned property between the owners thereof does not violate the rule that the wife shall not be required, in the absence of statute, to pay alimony to her husband. Body v. Body, 47 Ala.App. 443, 256 So.2d 184.

In the case now before us the trial court, as evidenced by its decree, divested appellant of her interest in jointly owned property and invested said interest in appellee. That same decree also required appellee to pay to appellant $800 as compensation for her interest in said property.

■ The action of the trial court in so ordering the division of the property in question was invoked by the pleadings and we must assume, in the absence of the transcript of the evidence, was supported by the proof. Park v. Elliott, 282 Ala. 110, 209 So.2d 393. Hence we consider the decree to be errorless. Furthermore, we do not consider that the decree required the appellant to pay alimony to appellee. See Body v. Body, *supra*.

No reversible error having been argued, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.