323 So.2d 367
**ALLEN TRUCKING CO., INC.**
v.
**Joel D. ADAMS.**
**Civ. 542.**

Court of Civil Appeals of Alabama.

July 30, 1975.

Rehearing Denied Aug. 13, 1975.

A. Pope Gordon, Montgomery, for appellant-petitioner.

Luther H. Waller, Jr., Montgomery, for appellee-respondent.

**480**

HOLMES, Judge.

The dispositive issue on this appeal is whether Alabama's attachment law, to wit, Tit. 7, § 845 et seq., is constitutional. We hold that it is under the facts as presented in the instant appeal.

The record which consists in the main of pleadings and affidavits reveal the following:

The appellant-trucking company filed suit against the appellee on February 17, 1975, claiming approximately $4,000 due by open account. On the same day appellant filed an affidavit commencing an attachment proceeding against property owned by appellee. The basis of the attachment was the nonresidency of the appellee. The circuit clerk issued the writ of attachment and the sheriff took possession of a truck and trailer.

Thereafter, appellee filed a motion to dissolve the attachment. The learned trial judge entered the following order dissolving the attachment:

#### "ORDER

"This cause coming on to be heard on Motion by Defendant's attorney, and it appearing from the record that no notice or hearing was afforded the Defendant prior to the issuance of Writ of Attachment, it is therefore

"ORDERED that Writ of Attachment in case numbered 41233–L be, and it hereby is, dissolved.

"DONE this 3rd day of March, 1975.

"s/ Frank Embry
_____
Circuit Judge"

From this order appellant has perfected this appeal or, in the alternative, petitioned for writ of mandamus.

At the outset we note that an order dissolving a writ of attachment will not support an appeal. See Tit. 7, § 759, Code of Ala.1940; *First National Bank of Russellville v. Welch,* 22 Ala.App. 615, 118 So. 675. However, the writ of mandamus is due to issue unless within thirty days the

trial judge enters an order vacating his order of March 3, 1975.

In reaching the conclusion that Alabama's attachment statute is unconstitutional in that it does not provide for notice and an opportunity for hearing prior to the "taking" of the property, the trial judge, as well as able counsel for appellee, obviously relies on the recent line of U. S. Supreme Court cases which include *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556; and *Mitchell v. W. T. Grant*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406. These cases require notice and a prior hearing in certain prejudgment seizure procedures.

Alabama's attachment law reads as follows in pertinent parts:

"§ 845. For what demands issued.— Attachments may issue:

"1. To enforce the collection of a debt, whether it be due or not, at the time the attachment is taken out.

"2. For any moneyed demand, the amount of which can be certainly ascertained.

"3. To recover damages for a breach of contract, when the damages are not certain or liquidated.

"4. When the action sounds in damages merely.

"§ 846. Cases in which issued.—In the following cases attachments may issue:

"1. When the defendant resides out of the state.

"2. When the defendant absconds.

"3. When the defendant secretes himself so that the ordinary process of law cannot be served on him.

"4. When the defendant is about to remove out of the state.

"5. When the defendant is about to remove his property out of the state, so

that the plaintiff will probably lose his debt, or have to sue for it in another state.

"6. When the defendant is about fraudulently to dispose of his property.

"7. When the defendant has fraudulently disposed of his property.

"8. When the defendant has moneys, property, or effects, liable to satisfy his debts, which he fraudulently withholds.

"§ 847. By what officers issued.—In the first and second cases mentioned in the first section of this article, an attachment may be issued by any judge of the circuit court, or court of like jurisdiction, returnable to any county in the state; or by the clerk of the circuit court, judge of probate, or any justice of the peace or a notary public exercising the jurisdiction of a justice of the peace, within their respective counties; in the third and fourth cases, only by a judge of the circuit court, or court of like jurisdiction, or judge of probate, returnable to any county.

"§ 848. Oath to be made.—The officer, before issuing the attachment in the first two cases mentioned in the last section, must require the plaintiff, his agent, or attorney, to make oath of the amount of the debt or demand, and that it is justly due, or to become due, and that one of the causes enumerated in the second section of this article exists; and that the attachment is not sued out for the purpose of vexing or harassing the defendant; and such oath must be reduced to writing and subscribed by the party making it.

.    .    .    .    .    .

"§ 852. Notice to nonresident defendant.—When an attachment is sued out against a nonresident of the state, the writ shall be returned to the clerk of the court as soon as levied upon the property of the defendant, and thereupon the clerk shall cause a notice of the attach-

ment and levy on the defendant's property to be advertised, once a week for three successive weeks, in some newspaper, a copy of which must be sent by mail to the defendant, if his residence is known or can be ascertained; and when such publication is perfected, the case shall stand for trial at any time after the expiration of thirty days thereafter."

■ The Supreme Court of Alabama has stated that the purpose of the attachment statute is that the jurisdiction of the court in the ulterior proceedings may be more effectual and to afford the plaintiff security for satisfaction of the judgment which he may obtain. *Phillips v. Ash,* 63 Ala. 414.

■ Furthermore, attachment, when the original process serves a dual purpose; first, giving notice to the defendant to appear and defend; and second, creating a lien upon the thing attached, affords security to the plaintiff if he succeeds in obtaining judgment. *Pullman Palace Car Co. v. Harrison,* 122 Ala. 149, 25 So. 697.

■ Additionally, attachment proceedings against a nonresident are proceedings *in rem. Jennings v. Wysong,* 276 Ala. 692, 166 So.2d 420.

The U.S. Supreme Court specifically held constitutional a prejudgment Delaware foreign attachment law in *Ownbey v. Morgan,* 256 U.S. 94, 41 S.Ct. 433, 65 L. Ed. 837.

Despite the aforementioned recent line of Supreme Court cases holding certain *ex parte* prejudgment seizure procedures as being in violation of the 14th Amendment of the Constitution of the United States for depriving a person of property without notice and prior hearing, we read *nothing* in these cases to persuade this court that *Ownbey, supra,* is no longer the law. None of these recent U.S. Supreme Court cases is concerned with foreign attachment laws. In fact, as we read these cases, they

appear to reaffirm the principle established in *Ownbey.*

In *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, the Supreme Court held unconstitutional a Wisconsin prejudgment garnishment procedure. Even though finding the Wisconsin procedure of prejudgment garnishment of wages unconstitutional as a taking of property without notice and an opportunity to be heard, the Court stated that such summary procedure may well meet the *requirements of due process in* extraordinary situations and cited *Ownbey, supra,* as an example. The Supreme Court further pointed out that petitioner was a resident of Wisconsin and *in personam* jurisdiction was readily obtainable. The case before us deals with a nonresident defendant.

In *Fuentes v. Shevin, supra,* the Supreme Court ruled unconstitutional a prejudgment replevin statute. However, the Supreme Court again acknowledged that there are "extraordinary situations" that justify postponing notice and opportunity for a hearing. The Court noted that these situations must be truly unusual and that only in a few limited situations has the Supreme Court allowed outright seizure without opportunity for a prior hearing. A footnote in the opinion indicated that *Ownbey, supra,* was one such instance. In fact, the Court made the following statement in this footnote pertinent to our appeal:

"[A]nother case involved attachment necessary to secure jurisdiction in state court—clearly a most basic and important public interest. *Ownbey v. Morgan,* 256 U.S. 94, 41 S.Ct. 433, 65 L.Ed. 837. . . ." (407 U.S. at 91, 92 S.Ct. at 1999)

The Supreme Court, in *Fuentes, supra,* pointed out that in each of these limited situations the seizure has been, first, directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the state has

kept strict control over its monopoly of legitimate force: The person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance.

A look at Alabama's law and procedure convinces this court that under the facts as presented to us by this appeal, our law meets all three of these criteria.

The most recent opinion by the Supreme Court in this area is *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751, in which the Georgia garnishment statute was held unconstitutional. The case was not concerned with the issue of foreign attachments.

In fact, not all prejudgment seizure procedures recently before the Supreme Court have been ruled unconstitutional as depriving property without notice and an opportunity to be heard. In *Mitchell v. W. T. Grant Company*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406, the Supreme Court held constitutional Louisiana's sequestration procedure which makes available to a mortgage or lien holder a writ of ·sequestration obtainable *ex parte* and without notice to the debtor or opportunity for hearing. The Supreme Court also referred to earlier cases in which prejudgment attachment liens were acceptable, citing *Ownbey, supra,* and cases following it.

We do not find persuasive the cases of *McClellan v. Commercial Credit Corp.*, D.C.R.I., 350 F.Supp. 1013, holding Rhode Island's prejudgment attachment statute unconstitutional, or *Randone v. Appellate Dept. of S. Ct. of Sacramento Co.*, 5 Cal.3d 536, 96 Cal.Rptr. 709, 488 P.2d 13, cert. den. 407 U.S. 924, 92 S.Ct. 2452, 32 L.Ed. 2d 811, declaring California's prejudgment attachment statute unconstitutional. Both of these cases are clearly distinguishable from the case before us, and neither involved a nonresident debtor.

■ We do find persuasive the recent decisions in *Lebowitz v. Forbes Leasing and Finance Corporation,* 3 Cir., 456 F.2d 979; and *Balter v. Bato Company, Inc.*, D.C.Pa., 385 F.Supp. 420, holding the foreign attachment law of Pennsylvania constitutional, even after *Sniadach, supra,* and *Fuentes, supra.* In fact, a reading of *Lebowitz, supra,* indicates to this court a more narrowly drawn and stringent Alabama statute than the Pennsylvania one held to be constitutional. And, as pointed out in *Lebowitz,* notice as a precondition to an attachment might well defeat the purpose behind an attachment, to wit, to compel an appearance.

■ We also find that the following quote from *Lebowitz* adequately answers appellee's contention that in light of Alabama's long arm statute jurisdiction over a nonresident is no longer a major problem.

"Although the long-arm statute does replace the necessity for quasi-in-rem jurisdiction in some instances, it does not necessarily obviate the need for attachment prior to a nonresident defendant's general appearance. A plaintiff employing the long-arm statute may face extended litigation as to whether a particular defendant is as a matter of law subject to that process. Indeed, ultimately it may be determined that no jurisdiction exists. In contrast, to the extent of the nonresident's property subject to the state's jurisdiction, foreign attachment provides an immediate and certain basis on which to exercise jurisdiction over a nonresident defendant. It thereby constitutes a greater inducement for such a defendant to appear and consequently, accomplishes one of the principal objectives underlying enactment of foreign legislation." (456 F.2d at 982)

See also *Hutchison v. Bank of North Carolina,* D.C.N.C., 392 F.Supp. 888, fn. 7 at page 895.

■■ In view of the above and in light of the often stated rule that courts must

**484**

indulge every reasonable presumption in favor of the validity of acts of the legislature, *Opinion of Justices,* 247 Ala. 195, 23 So.2d 505, 4A Ala.Dig., *Constitutional Law,* ⚖48, we accordingly hold Alabama's attachment statute as it applies to nonresiding defendants, whereby *quasi-in-rem* jurisdiction is obtained, not unconstitutional for failure to provide for a hearing.

■ We further find no merit in appellee's argument that the statute is infirmed because of the difference in bond requirements. Under § 849 a writ of attachment sued out upon the ground of nonresidency may be issued without bond, unless the defendant makes an unqualified appearance before the return date. In that case the plaintiff must make a bond payable to defendant in double . the amount sued for. However, the defendant, in order to replevy the goods, must make a bond for double the value of the property. Appellee contends this is unequal protection.

■ We note that this issue has not been raised below in either the appellee's motion to dissolve writ of attachment or motion to dismiss. It is also clearly not the basis for the lower court's action in dissolving the writ of ATTACHMENT. It is well settled law that this court will not consider issues raised for the first time on appeal. *Penn Mutual Life Ins. Co. v. State,* 223 Ala. 332, 135 So. 346. In any event, we would find no constitutional infirmity in this legislative act.

■ Appellee additionally contends that the Alabama statute is unconstitutional because the writ was issued by the court clerk and not a judge. We find no merit with this argument. As mandated by § 847 the clerk may issue the writ only in a limited number of circumstances. The issuance by the clerk is a judicial act. *Matthews v. Ansley,* 31 Ala. 20. See also *Hutchison v. Bank of North Carolina, supra.* In any event, the writ can only be issued in the cases set out in § 845 and § 846

and after an oath in compliance with § 848 has been made by the plaintiff.

The petition for writ of mandamus is granted and a writ of mandamus is due to issue, directed to Honorable Frank Embry, Circuit Judge, unless he shall set aside his order of March 3, 1975.

Writ of mandamus awarded conditionally.

WRIGHT, P. J., and BRADLEY, J., concur.