This appeal is from a judgment of the Circuit Court of Montgomery County modifying a previous award for child support and periodic alimony. *Page 381 
On May 19, 1976 Bruce Sanders filed a petition to modify a previous decree requiring him to pay $300 per month child support and $50 per month alimony. The petition was set for hearing on June 3, 1976. On that date the cause was continued to June 10, 1976 at the request of Marcia Sanders. At 9:00 a.m. on June 10, the appointed time for the hearing, Marcia Sanders did not appear in court and the hearing was continued until 3:00 p.m. that same day.
At 3:00 p.m. on June 10, 1976 a hearing was held in the chambers of Judge Perry Hooper on the petition to modify. Both parties were present. Marcia Sanders was not represented by counsel and requested to proceed pro se; Bruce Sanders was represented by counsel. No court reporter was present, since one had not been requested, and the proceedings were not reported.
On June 14, 1976 the trial court handed down a judgment reducing child support to $50 per week and alimony to $10 per week, and setting a hearing for October 11, 1976 to again review the financial status of Bruce Sanders.
On July 12, 1976 Marcia Sanders filed a motion to vacate, alter or amend the June 14, 1976 judgment pursuant to Rule 59 (e) ARCP. The principal grounds of the motion were that: (1) Bruce Sanders was in arrears in child support payments and modification should not have been granted under the circumstances; (2) the June 14, 1976 judgment was not supported by the evidence and was predicated on misrepresentations and unsworn testimony; (3) Marcia Sanders was not given proper notice of the real import of the hearing; and (4) Marcia Sanders was not given an opportunity to request that the modification hearing be reported. After a hearing this petition was overruled July 20, 1976.
Marcia Sanders then filed a petition on July 29, 1976 to clarify the June 14, 1976 decree so that the said decree would reflect that Bruce Sanders was required to pay Marcia Sanders $65 per week, broken down as $45 per week child support and $20 per week alimony. The court ordered the June 14, 1976 decree so amended and corrected, and retained the October 11, 1976 review date.
The notice of appeal states that the appeal is taken from the June 10, 1976 decree. We assume this to be a typographical error and that Mrs. Sanders is appealing from the June 14, 1976 order since this is the date the trial court rendered its decision modifying the previous decree and which is the subject of the Rule 59 (e) motion.
Mrs. Sanders first contends that the reduction of child support and periodic alimony was contrary to the weight of the evidence adduced at the hearing and constitutes an abuse of the trial court's discretion. As mentioned above, the June 10, 1976 hearing, which culminated in the June 14, 1976 decree, was not reported and there is no evidence in the record on which to base an analysis of the propriety of the trial court's decree modifying the previous decree by reducing child support and alimony payments. In the absence of the evidence heard by the trial court, this court is in the position of having to assume that the evidence fully supported the June 14, 1976 decree.Park v. Elliott, 282 Ala. 110, 209 So.2d 393 (1968); Thompsonv. Thompson, 50 Ala. App. 564, 281 So.2d 277 (1973).
Mrs. Sanders next attacks the June 14, 1976 decree in that the minor children were not represented by counsel at the June 10 hearing where their support was in issue and, consequently, the court erred by reducing their support payments. This issue was raised for the first time in brief and was not presented by Mrs. Sanders to the trial court.
Matters on which the trial court has not had an opportunity to rule cannot be reviewed by an appellate court. Only rulings of the trial court can be appealed and reviewed in the appellate courts. McDuffie v. Hooper, 294 Ala. 293,315 So.2d 573 (1975); Allen Trucking Co. v. Adams, 56 Ala. App. 478,323 So.2d 367, cert. den. 295 Ala. 390, 323 So.2d 373 (1975).
The final error alleged by Mrs. Sanders is the trial court's denial of her Rule 59 (e) *Page 382 
motion to vacate, alter or amend the June 14, 1976 decree. Rule 59 (e) provides:
 "A motion to alter, amend, or vacate the judgment shall be served not later than 30 days after entry of the judgment."
In brief Mrs. Sanders argues in effect that at the hearing on her 59 (e) motion she should have been allowed to retry the issues raised and decided at the modification hearing on June 10, 1976. The record reflects that Mrs. Sanders' lawyer placed Bruce Sanders on the stand and attempted to prove his financial ability to continue his alimony and support payments prior to the June 14, 1976 modification order. The trial court ruled that this was an attempt to retry the modification proceedings, which he had already heard and decided, and refused to permit Mrs. Sanders to pursue this aspect of the 59 (e) motion. Her lawyer then made an offer of proof to show what testimony he expected to elicit from both Bruce and Marcia Sanders. The record contains nothing further in support of the other aspects of the 59 (e) motion. Mrs. Sanders suggests that she should have been permitted to introduce the oral testimony of the parties in support of her 59 (e) motion on the theory that she would have been permitted to introduce affidavits in support thereof.
Support for Mrs. Sanders' position can be found in Rule 43 (e) ARCP, which provides in part:
 "When a motion is based on facts not appearing of record the court . . . may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."
Unlike Rule 59 (c) with respect to motions for new trial, we also note that Rule 59 (e) makes no mention of supporting affidavits. Further, it is unlikely that the rule was intended to exclude oral testimony as support for a motion to alter, amend or vacate a judgment. Therefore, we must examine the testimony which the trial court heard and that which it disallowed.
In her Rule 59 (e) motion Mrs. Sanders alleges that at the time of the June 10, 1976 hearing there existed evidence known to both parties but unpresented to the trial court which evidence, had it been before the court, would have compelled a different result in the June 14, 1976 decree. It was this known but unpresented evidence which Mrs. Sanders sought to introduce before the court and which the court refused to allow. We think that through the testimony allowed and the offer of proof the trial court was adequately informed of the grounds of the Rule 59 (e) motion, which is all that is required. Without knowing what transpired at the June 10 hearing, we are unable to say that the trial court erred in refusing to allow Mrs. Sanders a second full-blown hearing of the same issues tried at the June 10 hearing.
Nor can we say that the trial court erred in refusing to grant the Rule 59 (e) motion. The scope of review of an order denying a Rule 59 (e) motion is whether there has been a manifest abuse of discretion. See Safeway Stores v. Fannan,308 F.2d 94, 98 (9th Cir. 1962). The essence of Mrs. Sanders' Rule 59 (e) motion is that because she was not represented by legal counsel she was denied a fair hearing in that she was not given proper notice of the real import of the hearing, the evidence allowed at the hearing was unsworn and contained misrepresentations, and she was not given an opportunity to request that the modification hearing be reported.
Mrs. Sanders chose to proceed in the trial court without the aid of legal counsel and cannot now be heard to complain.
Pierce v. American Communications Co., 280 F.2d 278 (1st Cir.), cert. den. 364 U.S. 902, 81 S.Ct. 235, 5 L.Ed.2d 195
(1960), is similar to the case at bar. There the appellant, by way of motion under Rule 59 (e), Fed.R.Civ.P., attacked a summary judgment. One of her contentions was that she had been deprived of a fair and full opportunity to present her case at the summary judgment hearing in that, due to an informal conference prior to the hearing, her *Page 383 
lawyer understood the summary judgment issues to be more restricted than those the court considered and therefore the lawyer was unprepared to present her case on the broader issues taken up for decision at the summary judgment hearing. Counsel for the appellee contradicted the appellant's version of what transpired at the informal conference. The United States Court of Appeals for the First Circuit concluded:
 "The informal conference was not reported so we have no positive way of knowing which version is correct. The action of the court in denying the motions, however, satisfies us that it agreed with the defendants' version. At least, the plaintiff has not established that her version is correct." 280 F.2d at 288.
The trial court having seen and heard the witnesses testify in the modification proceedings and there being no record of those proceedings for us to review, we cannot say that the trial court manifestly abused its discretion in denying Mrs. Sanders' Rule 59 (e) motion.
Our refusal to reverse the judgment of the trial court does not preclude Mrs. Sanders from any further remedy. Child support and temporary alimony awards are never res judicata, and the trial court, upon sufficient proof of changed circumstances, can always modify an original award for temporary alimony and child support in a divorce decree. SeeShepard v. Shepard, Ala.Civ.App., 338 So.2d 1016 (1976);Williams v. Williams, 54 Ala. App. 703, 312 So.2d 396 (1975).
It appearing that the trial court committed no error, we affirm its judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.