This is a divorce case.
The husband appeals the order of the Circuit Court of Mobile County reinstating the amount of previously awarded child support payments.
At the outset, we would note that the record in this appeal consists solely of motions by the parties, decrees, and orders of the trial court. No testimony of any hearing was recorded. The following is, however, revealed by the record.
The parties were divorced in August, 1973. At that time, the husband was ordered to pay $400 as alimony and child support. In June, 1976, the court ordered that child support payments be reduced to $200 per month.
In response to the court's 1976 order, the wife filed a motion to modify. This motion was heard in May, 1977. The order of the court reveals that the husband was not present at the hearing although he was represented by counsel. That order also entered a judgment in the amount of $5,006 against the husband representing all prior judgments and arrearages in child support up to that date.
This May, 1977, order further held that:
 "[T]his cause be, and hereby is continued to August 1st, 1977, at 9:30 A.M., to allow the Defendant to appear in Court and offer any objections to the said motion; and, in the event the Defendant fails to appear on said date and make objections to the granting of said motion, or fails to comply with the orders of this Court and make the support payments as previously ordered, then the Court will consider granting the Plaintiff's motion at the time of the hearing hereinabove set.
 "It is also further ORDERED, ADJUDGED and DECREED by the Court that pending said hearing and further determination by the Court, the Defendant shall continue to make the monthly *Page 1030 payments as ordered in the amount of $200.00, plus the commission due thereon, and that said payments shall be made through the office of the Accounts Clerk of this Court." [Emphasis supplied.]
At the August, 1977, hearing, the husband was again absent but was represented by counsel. Testimony was presented by the wife at that hearing. The court decreed that the wife's motion to modify was to be continued generally and to be reset for review during February, 1978, and every six months thereafter until a final determination of the cause was made.
In addition, the court ordered the father to pay "on a temporary basis the sum of $250 per month, with $100 to be applied on child support and $150 to apply on the judgment" of child support arrearage. Furthermore, the court decreed that if the defendant was not up to date on his monthly payments and failed to appear in court to explain such failure, the court would reconsider the matter.
At the February, 1978, hearing, the defendant was again absent but was represented by counsel. The court ordered the child support payments to be reinstated at $200 per month. The court further reaffirmed the previously rendered judgment representing the husband's arrearage in child support payments.
The husband appeals, contending there is no legal or evidentiary basis to support the order of the court modifying child support. We disagree and affirm.
It is clear to this court that the nature of the court's order of February, 1978, was more of a reinstatement of a prior decree than a modification. When the wife filed her motion to modify, the husband was paying $200 per month for child support. This was later raised on a temporary basis to $250 in August, 1977. The court's order of February, 1978, the subject of this appeal, reinstated the support payments in the amount of $200. This was the same amount the court had previously ordered the husband to pay prior to the wife's motion to modify and the instigation of the above proceedings. The court, in this instance, was merely exercising its continuing power over the parties, basing its order on evidence previously taken.
We further find no merit in the husband's contention that the trial court's order is based on the absence of any evidence or fact. The August, 1977, order of the court clearly reveals that testimony was given by the wife during that hearing. Based upon that evidence, the hearing was continued and a final order entered in February, 1978.
As noted above, no testimony was recorded during these hearings. It is settled in Alabama that in the absence of any record showing what occurred or what was presented to the trial court, we must assume that the action of the trial court was supported by the proof. See Thompson v. Thompson, 50 Ala. App. 564, 281 So.2d 277 (1973).
In view of the above, we find no reversible error and affirm. The wife has requested an award of an attorney's fee for this appeal. An award of $350 is hereby made.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.