WRIGHT, Presiding Judge.
The issue in this case is whether an employee or his dependents may sue the employer’s workmen’s compensation insurer directly for benefits under a policy that specifically authorizes such direct action.
The employee’s widow filed suit against the employer for workmen’s compensation and against the insurers on a third party beneficiary theory based on the insurance *963 contract. The trial court granted motions to dismiss to both insurance companies, and transferred the action against the employer to Tuscaloosa County. This appeal concerns the dismissal of the direct action against the insurance companies.
This court in Read News Agency, Inc. v. Moman, 383 So.2d 840 (Ala.Civ.App.), cert. denied, 383 So.2d 847 (Ala.1980), held that an employee or his dependent may pursue a direct action against the insurer only under § 25-5-8(f)(4) Code (1975). The policy of insurance between the employer and its insurer in that ease contained the same provisions as to direct action as the policy in this case. We consider that case to have settled the issue of direct action under the statute.
Mrs. Wilson relies also on a third party beneficiary theory, contending that the direct action against the insurers is not a workmen’s compensation claim, but a common law suit for breach of contract. Assuming without deciding that an employee is a third party beneficiary, we fail to see an actionable breach. The insurer cannot be liable under the terms of the policy until the employee has established his workmen’s compensation claim against the employer. The policy is written to cover the compensation and other benefits required of the insured (the employer) by the Workmen’s Compensation Law and to pay promptly when due. No amount can be due directly from the insurer since the workmen’s compensation claim against the employer must determine the extent of that liability.
The employee’s widow also claims that if §§ 25-5-8(f)(4), -53 do bar a direct claim against the insurer, these statutes are unconstitutional under Ala.Const. of 1901, art. I, § 13. That section says:
That all courts shall be open; and that every person for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial or delay.
Mrs. Wilson contends that her right to sue under the insurance contract has been taken and no substitute has been given in return. We disagree. Recovery from either the employer or the insurer must be in the form of workmen’s compensation benefits. These are recoverable only under the workmen’s compensation laws of this state. There is no cause of action against the employer, and thus its insurer, except that given by statute. By the terms of the policy itself, Mrs. Wilson could recover no greater amount from the insurance company than from the employer. Consequently, she has lost nothing. Again, we say that her entire argument is founded upon the premise that she is a third party beneficiary. We do not decide that here.
Appellant’s arguments fail to meet the heavy burden to show § 25-5-53 or § 25-5 — 8(f)(4) unconstitutional. To be proven unconstitutional, such must be shown beyond a reasonable doubt. See, Johnston v. Alabama Public Service Commission, 287 Ala. 417, 252 So.2d 75 (1971); and Hester v. Ridings, 388 So.2d 1218 (Ala.Civ.App.1980). Also, this court must indulge every reasonable presumption in favor of the validity of the acts of the legislature. Allen Trucking Company v. Adams, 56 Ala.App. 478, 323 So.2d 367, writ quashed, 295 Ala. 390, 323 So.2d 373 (1975).
This burden has not been met and this cause is therefore affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.