This appeal is the result of an order by the Clay County Circuit Court denying appellant's motion under A.R.C.P. 60 (b). Appellant, Fannie Louise Moore, filed a motion seeking to have set aside a 1977 judgment of divorce arising out of appellee's, Henry Hoyt Moore's, motion for a default judgment under A.R.C.P. 55. On appeal appellant argues that the judgment of divorce rendered by the trial court should be set aside as void because (1) there was improper service of process, and (2) the default judgment rendered in the case was not in technical compliance with the evidentiary requirements of A.R.C.P. 43 (a).
The facts indicate that the parties were married in 1941 and have been separated since 1965. On May 18, 1977 appellee filed a petition for divorce in the Clay County Circuit Court, alleging an irretrievable breakdown of the marriage. The summons was filed in the clerk's office on June 3, 1977, along with a written request for service by certified mail as provided by A.R.C.P. 4.1 (c). The certified letter was mistakenly addressed to "Frances Louise Moore," although appellant's true name is Fannie Louise Moore.
The deposition of a Lineville postal worker revealed that on June 23, 1977 the letter containing the summons and complaint was delivered to appellant. Appellant signed the return receipt and took the envelope from the postal clerk. A short time later appellant returned to the window and stated that her name was not "Frances Louise Moore," and that she had opened the envelope by mistake. Appellant returned the opened envelope to the postal clerk, and the letter was thereafter marked "Refused" and returned to the clerk's office. The postal worker also stated that appellant had told her that "Henry Hoyt Moore had the date of marriage wrong." No other service was attempted.
On June 30, 1977 appellee's deposition was taken before the register of the court. The postal worker's deposition was taken thereafter on August 17. On August 23, 1977 appellee filed an application for default judgment, and a default was duly entered by the clerk. A final decree divorcing the parties from the bonds of matrimony was rendered by the circuit court on August 24, 1977, and a copy of the final decree was then mailed to appellant. The letter was returned to the clerk's office marked "Refused."
Appellee thereafter filed a motion to correct appellant's name on the decree. The correction was approved on December 22, 1977.
On May 29, 1981, some three and one-half years after the entry of the default judgment, appellant filed a motion to vacate the decree on the grounds that service was never obtained and that the judgment was not in technical compliance with the rules governing default judgments, and was therefore void. The circuit court denied the motion, and appellant brings this appeal.
It is well settled that on review of the denial of a 60 (b) motion, the reviewing court is limited to deciding the correctness of the order from which the appeal is taken. Rainev. First Western Bank, 362 So.2d 846 (Ala. 1978). In reviewing that order, however, the court may pass on an attack against the underlying judgment. Id. In this case appellant's motion to set aside the default judgment essentially sets out the ground that the judgment is void under A.R.C.P. 60 (b)(4). We must determine if the underlying judgment is indeed void in order to review the correctness of the trial court's denial of relief from the judgment.
Appellant first contends that the judgment of divorce is void because no service of process was ever effected. She initially *Page 1314 
contends that no service was effected because service by certified mail was improper, since no written request for service in that manner was filed with the clerk's office. We find appellant's contention to be in error. Contained in the record on appeal is a copy of a written request for service by certified mail, filed with the clerk's office. Clearly, the procedural requirements of the rule were met.
Appellant also contends that no service was effected because she returned the certified letter containing the summons and complaint to the post office, marked "Refused." Again, we cannot agree. Rule 4.1 (c)(3) provides that "[s]ervice by certified mail shall be deemed complete . . . from the date of delivery as evidenced by the return receipt." The evidence is undisputed that appellant signed the return receipt and took delivery of the certified letter. According to the rule, service of process was effected at that time.
We do not feel that the error in the name designated on the summons and complaint is sufficient to invalidate the service obtained on appellant. There is no doubt in this case that the true party was served. The error is, at most, a misdescription of appellant's first name. The name "Frances Louise Moore" designated on the summons and complaint is relatively close to appellant's true name, "Fannie Louise Moore." Such a misdescription is, we believe, immaterial, and does not invalidate service obtained through otherwise proper means. SeeCleveland v. Pollard, 37 Ala. 556 (1861).
We would further note that appellant appears to have had actual notice of the divorce action filed against her. The purpose of service is to notify or inform the defendant of the action filed against him. Goodall v. Ponderosa Estates, Inc.,337 So.2d 726 (Ala. 1976). When the certified letter was returned to the postal worker, it had been opened; appellant's statement to the postal clerk concerning the dates of the marriage contained in the complaint indicates that appellant had read the summons and complaint and was apprised of the action being lodged against her. We are of the opinion that appellant was sufficiently informed of the nature of the action filed so as to render any alleged defect in service insignificant.
Appellant next contends that the default judgment is void because the proceeding at which the final decree was rendered did not comply with the evidentiary requirements of A.R.C.P. 43 (a). Specifically, she contends that the only evidence presented to the trial court consisted of a deposition of appellee taken by the register before appellant was found to be in default, and, since she was given no notice of the taking of that deposition, the evidence is insufficient to establish a claim or right to relief under A.R.C.P. 55 (e).
We find appellant's contention to be without merit. Nowhere in the record does it affirmatively appear that the only evidence relied upon by the trial court was appellee's deposition. The trial court's final decree states that the court "considered the testimony" before rendering its judgment. Since no transcript of the proceeding was kept, we must assume that the trial court's statement in its decree that testimony was taken before the court is correct. It is well recognized that testimony taken in open court meets the evidentiary requirements of A.R.C.P. 43 (a).
We would also note that in the absence of any record showing what occurred or what was presented to the trial court, the reviewing court must assume that the evidence before the trial court supported its judgment. Rhea v. Rhea, 360 So.2d 1029
(Ala.Civ.App. 1978). We therefore find that the action of the trial judge in entering a default judgment against appellant was supported by competent evidence.
For the foregoing reasons, we find that the 1977 default judgment entered against appellant is not void for lack of service or for failure to comply with the evidentiary requirements of A.R.C.P. 43 (a). The order of the circuit court denying appellant's motion *Page 1315 
to set aside the previous judgment was proper, and is therefore affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.