HOLMES, Judge.
This is a divorce case.
The Circuit Court of Monroe County divorced the parties after an ore tenus hearing. The wife, through able counsel, appeals, contending that the trial court erred in the award of child support and in the division of property.
Viewing the record with the attendant presumptions, the following is revealed. The parties were divorced from a common law marriage with the trial court awarding forty dollars per month to the wife for the support and maintenance of a minor child born during the marriage. The court also ordered the wife to convey her interest in the jointly-owned home with the husband assuming the debt and paying $1,000 for the wife’s interest.
There was evidence that the husband was presently unemployed and his total income from the previous year was approximately $7,000. The wife testified that she was currently employed and had additional *829 monthly income from rental property that she owned.
There was also evidence that the home had a value of less than $20,000, with a mortgage of approximately $10,500 still due. Additionally, the wife testified that she had taken a great majority of the personal property from the home prior to the divorce. There was evidence that the property taken had a value between $7,000 and $8,000.
The ore terms rule is well established. When the trial court personally hears the evidence, the judgment appealed from is presumed to be correct on appeal. If the judgment is supported by legal evidence, it cannot be altered on appeal unless the trial court was plainly and palpably wrong. Cory v. Cory, 429 So.2d 1096 (Ala.Civ.App.1983).
It is also true that an award of child support payments is never res judicata, and, upon a change in circumstances, the payments can be modified at any time. Sanders v. Sanders, 342 So.2d 380 (Ala.Civ.App.1977).
After a review of the entire record, the fact that the husband was unemployed at the time of the divorce, the employment and other income of the wife, the- value of the home and the debt still due, and the disposition of the personal property, we cannot say that the trial court abused its discretion in the award of child support and in the division of property.
For this court to reverse would be to substitute our judgment for that of the trial xourt. This is not permitted by law. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App.1980).
This case is due to be and is affirmed,
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.