FAULKNER, Justice.
Kenworth of Dothan, Inc., formerly known as South Alabama Truck Center, Inc., appeals from the trial court’s ruling that a judgment obtained against South Alabama Truck Center, Inc., is enforceable against Kenworth of Dothan. We affirm.
In January of 1977, a corporation called Kenworth of Dothan, Inc., was formed and began doing business selling and servicing new and used trucks in Dothan, Alabama, at 110 Speigner Street. On September 1, 1982, a corporation was formed called South Alabama Truck Center, Inc., and it took over and continued the same business formerly done by Kenworth of Dothan, Inc., at the same address in Dothan, Alabama. On October 1, 1982, the name of South Alabama Truck Center, Inc., was changed to Kenworth of Dothan, Inc., by a resolution of the corporation, and the amendment changing the name was filed on November 12,1982. The new Kenworth of Dothan, Inc., continued in the same business at the same location as South Alabama Truck Center, Inc., with the same employees.
Gilbert E. Brannon was employed by the original Kenworth of Dothan, Inc., on June 1, 1981, and worked for that corporation until its assets in Dothan were purchased by South Alabama Truck Center, Inc. He then worked for South Alabama Truck Center, Inc., during its entire existence and continued to work for that corporation after it changed its name to the new Ken-worth of Dothan, Inc. He worked for the new Kenworth of Dothan, Inc., sporadically until he was finally terminated in August of 1984.
On July 24, 1980, Alum-A-Products Corporation recovered a judgment in the Circuit Court of Geneva County against Gilbert E. Brannon. On August 2, 1982, the plaintiff issued a process of garnishment against Kenworth of Dothan, Inc., alleging that the judgment debtor, Gilbert E. Bran-non, was an employee of Kenworth of Do-than, Inc., and that as a result, Kenworth of Dothan, Inc., was holding funds and would in the future hold funds which would become subject to the garnishment. The process of garnishment was served upon Margaret Moye, a bookkeeper for Ken-worth of Dothan, Inc., on August 10, 1982. Kenworth of Dothan, Inc., failed to answer the garnishment, and a conditional judgment was entered against Kenworth of Do-than, Inc., on November 3, 1982. This conditional notice of judgment was served upon Edith Hernandez, as secretary of Kenworth of Dothan, Inc., on November 9, 1982. Thereafter, on November 10, 1982, an answer of the garnishee, Kenworth of Dothan, Inc., was signed by Brian Dowling as agent for the garnishee, alleging that Kenworth of Dothan, Inc., had ceased doing business on September 1, 1982, and that a new corporation, South Alabama Truck Center, Inc., was now operating the business and that the wages of judgment debtor Brannon were being garnished under another garnishment issued out of the District Court of Geneva County, DV-82-090, and Kenworth, at that time doing business as South Alabama Truck Center, Inc., was withholding under that garnishment and refused to withhold under the new garnishment. The answer further stated that the plaintiff should regamish the new corporation, but that the new corporation was withholding under the garnishment issued to Kenworth of Dothan, Inc., prior to this one. This answer was filed with the clerk of the Circuit Court of Geneva County on November 12, 1982. It should be noted here that at the time this answer was filed South Alabama Truck Center had changed its name back to Kenworth of Dothan.
After this answer was filed, the court set aside the conditional judgment against Kenworth of Dothan, Inc., as garnishee. No further action was taken relative to that garnishment. It has never been dismissed by the court and has remained pending against Kenworth of Dothan, Inc.
Thereafter, on September 19, 1983, the plaintiff issued a process of garnishment *879 against South Alabama Truck Center, Inc. This process of garnishment was served upon Mr. Howard Adams, the document naming him as the president of South Alabama Truck Center, Inc., on September 27, 1983. Mr. Adams did not advise the sheriff that South Alabama Truck Center, Inc., was not in existence or that he was not the president thereof. Mr. Howard Adams had actually been the secretary-treasurer of South Alabama Truck Center, Inc., before the name was changed, and he continued as an officer of Kenworth of Dothan, Inc., after that became the name of South Alabama Truck Center, Inc.
No answer was filed to the process of garnishment, and Alum-A-Products moved on February 23,1984, for an order of conditional judgment, which was entered on March 7, 1984, by the circuit court. The notice of conditional judgment was served upon Kenworth of Dothan, Inc., on March 14, 1984, by service upon Mr. Michael Adams as the office manager of South Alabama Truck Center, Inc., who was at that time actually the office manager of the new Kenworth of Dothan, Inc. No answer was received in the circuit court and on June 15, 1984, the plaintiff moved to make the judgment final and absolute. On June 21, 1984, the circuit court entered a judgment against South Alabama Truck Center, Inc., for the total sum of $16,504.64, together with interest from March 7, 1984, and costs, and ordered execution. Approximately three months thereafter, on September 27,1984, the circuit court received a letter from Michael R. Adams, on a “Ken-worth of Dothan, Inc.,” letterhead, which set forth the case number of the garnishment issued against South Alabama Truck Center, and stated that Mr. Brannon was no longer employed there.
Alum-A-Products then filed a complaint for a declaratory judgment, seeking a ruling that the judgment rendered by the Circuit Court of Geneva County on June 21, 1984, against South Alabama Truck Center, Inc., was binding upon the corporation now known as Kenworth of Dothan, Inc.
The circuit court determined, after hearing ore tenus evidence and examining the documents introduced, that the new Ken-worth of Dothan, Inc., had acted in such a manner that it was estopped to deny that the jurisdiction of the circuit court extended to it by the service of process on its agents, although the name under which it was served was a name which had formerly been used by it but was not being used by it at the time of the service. .
The general rule is that only parties to an action can be bound by a judgment entered therein. State v. Georgia-Florida-Alabama Equipment Co., 425 So.2d 472 (Ala.Civ.App.1983).
Despite the fact that Kenworth of Dothan, Inc., was not the named party in the garnishment proceeding, it had actual notice of the proceeding. Service of process was made upon agents of Kenworth of Dothan, Inc., who had also been agents of South Alabama Truck Center. “The purpose of service is to notify or inform the defendant of the action filed against him.” Moore v. Moore, 424 So.2d 1312 (Ala.Civ.App.1982). Kenworth of Dothan, Inc., when served with the process of garnishment the second time, did not inform the sheriff or the court that its name had been changed. Instead, Kenworth of Dothan, Inc., appeared to ignore the service and when a final judgment was entered against South Alabama Truck Center, Inc., Ken-worth of Dothan, Inc., submitted a letter to the court. This letter was written on a “Kenworth of Dothan, Inc.” letterhead and referred to the case number of the garnishment issued against South Alabama Truck Center. The purpose of the letter was to notify the court of the termination of employment of Gilbert E. Brannon. We are of the opinion that Kenworth of Dothan, Inc., was sufficiently informed of the garnishment proceeding to bring it within the jurisdiction of the court.
Furthermore, Kenworth of Dothan acted in such a way that it should be es-topped from denying that it is within the jurisdiction of the court. Kenworth of Do- *880 than answered the first garnishment proceeding by asserting that Kenworth had ceased doing business on September 1, 1982, and that the new corporation, South Alabama Truck Center, Inc. should be re-garnished. However, this answer was filed on November 12, 1982, approximately one month after South Alabama Truck Center, Inc., had changed its name by resolution back to Kenworth of Dothan, Inc.
For the foregoing reasons, we find that the judgment against South Alabama Truck Center, Inc., is enforceable against Kenworth of Dothan, Inc. The judgment of the circuit court is therefore affirmed.
AFFIRMED.
MADDOX, ALMON and BEATTY, JJ., concur.
TORBERT, C.J., concurs in the result.