EDWARD N. SCRUGGS, Retired Circuit Judge.
The plaintiff, Nelson Wholesale Corporation, sought to recover rent from Mrs. Thompson, doing business as the Mardi Gras Mystic Club, Incorporated (the lounge). Count one of the plaintiff’s complaint was for unpaid rent under a written lease, and the second count was for water usage under that lease. After an eviden-tiary nonjury trial, a judgment was entered for Mrs. Thompson, and the plaintiff timely appealed.
*1134 In viewing the evidence in light of the applicable presumptions, we find the following is pertinently revealed.
The plaintiff and Mrs. Thompson’s husband executed a written lease of a building to be used as a restaurant and lounge in the plaintiffs shopping center for three years, commencing on July 1, 1978. The husband agreed to pay rent of $498 per month to the plaintiff and to directly pay the Mobile Water Service System for water used by the lounge.
The husband was fatally shot on January 17, 1980, while he was in front of the lounge. After his death his wife, the defendant, began making the rental payments, and the lounge was operated under her direction. The wife told the plaintiff’s president that she was attempting to sell the lounge and that she would pay the rent “for the period of time.” She paid the rent for several months and then stopped. The plaintiff regained the possession of the property about three months thereafter when the plaintiff relet the property.
The plaintiff’s president testified that the lounge did not pay the rent for three months, but he did not recall for which particular months the rent was not paid. The plaintiff’s building was “occupied by the proprietors of the Mardi Gras Lounge” during those three months. Notices were sent to the wife that “they” were in default and that the plaintiff wanted possession of the building. The three months’ rent which was claimed was for a period of time when the Mardi Gras Lounge was in operation, and no claim was made by the plaintiff for any period of time after the plaintiff relet the building.
Another witness testified that the “Mardi Gras Lounge” occupied the premises for three or four months for which the plaintiff did not receive its rent.
The wife rested her case at the conclusion of the evidence for the plaintiff. Thereupon, the trial court stated that the court was not reasonably satisfied that the wife entered into a month to month lease with the plaintiff or that she assumed her husband's written lease. The trial court was of the opinion that the wife’s actions were consistent with her merely winding up her husband’s affairs after his death and that, for aught that appeared from the evidence, the matters complained of were entirely the responsibility of the husband and of his estate. Accordingly, the judgment was rendered and entered for the wife.
Under the ore tenus rule, we must presume that the final judgment was correct, and, if it was supported by the evidence, we cannot alter it unless the trial court was palpably wrong. Gregson v. Gregson, 456 So.2d 828 (Ala.Civ.App.1984).
The evidence as to any nonpayment of rent was general in nature and was not specific. The testimony was that “they” or the “Mardi Gras Lounge” did not meet the monthly rental installments for three unspecified and undesignated months when the building was occupied by “the proprietors” of the lounge. As the learned trial court aptly noted, for aught that appears, those delinquencies in payment could have been entirely the responsibility of the defendant’s husband and of his estate. That inadequacy of the evidence constituted a sufficient basis for the trial court’s judgment for the wife. While we do not disagree with the legal principles as espoused by able counsel for the plaintiff, questions of fact were involved, and the evidence was in such condition that the trial court did not have to be reasonably satisfied that the wife failed to pay to the plaintiff rent which accrued after her husband’s death, which she was individually liable to pay. She was sued as an individual and not as the administratrix of her husband’s estate or as the executor of her husband’s will. Again, we emphasize that there was no specific evidence that any default as to monthly rent occurred after the husband’s death. The judgment as to the rent aspect was supported by the evidence and was not palpably wrong.
The trial court did not err in rendering a judgment for the wife with relation to water usage, for there was no proof of the *1135 monetary value of the water so used by her. In that regard, the plaintiff had the burden of showing the damages which it sustained in such a way that the trial court might reasonably calculate the damages from the data furnished and not be placed in the position of operating from pure guesswork and speculation. C. Gamble and D. Corley, Alabama Law of Damages §§ 1-5 and 11-30 (1982). The plaintiff did not meet that burden of proof.
For the foregoing reasons, the trial court did not err in rendering a judgment for Mrs. Thompson. The final judgment is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.